THE STATE OF OHIO, APPELLEE, *v.*
HUNT, APPELLANT.

(No. 11535—Decided April 25, 1984.)

*Lynn Slaby,* prosecuting attorney, for appellee.

*Rickie Lee Hunt, pro se.*

GEORGE, J. On September 8, 1980, the defendant-appellant, Rickie Lee Hunt, was tried by a jury, convicted of and sentenced for the offenses of aggravated murder, R.C. 2903.01(B), aggravated robbery, R.C. 2911.01(A)(2), kidnapping, R.C. 2905.01(A)(2), and having a weapon while under disability, R.C. 2923.13. Two attorneys were appointed by the court to provide Hunt's legal representation.

A direct appeal was taken from the convictions and this court affirmed the convictions on May 20, 1981. Hunt recites to this court that he also processed an appeal through the federal courts. This process ended with "an unfavorable decision" by the Sixth Circuit Court of Appeals on April 25, 1983, case No. 82-3271.

On May 4, 1983, Hunt filed a *pro se* petition for post-conviction relief, alleging ineffective assistance of counsel. The trial court issued written findings of fact and conclusions of law, denying the relief sought without holding a hearing. That decision was journalized on December 6, 1983, and provides the basis for this appeal.

Hunt raises two errors. First, he complains that the trial court should have provided him with a hearing. Second, he complains that trial counsel did not have a right to make certain tactical decisions.

Hunt's petition for post-conviction relief cited that trial counsel failed to make certain objections to testimony offered at trial and failed to subpoena two witnesses: Jerome McKinstry, a co-defendant, and Kenneth R. Hunt, the defendant's brother. The petition included an affidavit from Kenneth R. Hunt wherein Kenneth indicated that he was available to testify and that he would swear that he never possessed the .25 caliber pistol which was the murder weapon.

R.C. 2953.21 reads in part:

"(A) * * * The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief.

"* * *

"(C) Before granting a hearing the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including but not limited to the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript. * * *.

"* * *

"(E) Unless the petition and the

files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues, hold the hearing, and make and file written findings of fact and conclusions of law upon entering judgment thereon.

"* * *"

The post-conviction relief statute does not mandate an evidentiary hearing for every petition filed. Rather, the trial court will first review the petition and supporting affidavits, all the files and records, including the indictment, journal entries, journalized records of the clerk of court, and the court reporter's transcript. Once they have been reviewed, the trial court must then make a determination as to whether substantive grounds for relief exists. If they do exist, then a hearing is required.

Here, the trial court did not find that there were substantive grounds for the relief requested. Rather, it found that the failures which Hunt complains of did not deny him effective assistance of counsel. Further, the court found that the attorney's failures to object and to subpoena witnesses were within the realm of trial tactics. *State* v. *Hester* (1976), 45 Ohio St. 2d 71 [74 O.O.2d 156].

Assistance of counsel is not to be determined effective upon acquittal and ineffective upon conviction. Rather, the test has been set out by the Supreme Court in *State* v. *Hester, supra,* at 79:

"In formulating a test for effective counsel pursuant to the Fifth, Sixth and Fourteenth Amendments, and Sections 10 and 16 of Article I of the Ohio Constitution we note with approval tests articulated in *State* v. *Cutcher* [(1969), 17 Ohio App.2d 107 (46 O.O.2d 156)], *supra, Cornwell* v. *State* [(1922), 106 Ohio St. 626], *supra,* and *Kramer* v. *Alvis* (1956), 103 Ohio App. 324. Balancing the rights of the accused and of the public, we hold the test to be whether the accused, under all the circum-

stances, including the fact that he had retained counsel, had a fair trial and substantial justice was done."

The Supreme Court's pronouncement in *State* v. *Jackson* (1980), 64 Ohio St. 2d 107 [18 O.O.3d 348], indicated in the syllabus that the petitioner bears the initial burden "to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." Here the trial court found that Hunt was not denied effective assistance of counsel as the failures complained of were matters within the realm of trial tactics. This court agrees. In *State* v. *Lockett* (1976), 49 Ohio St. 2d 48 [3 O.O.3d 27], paragraph nine of the syllabus, the Ohio Supreme Court held that the "mere failure to make objections which seem appropriate after the fact does not establish prejudicial error as a deprivation of the Sixth Amendment right to counsel."

In *State* v. *Lytle* (1976), 48 Ohio St. 2d 391 [2 O.O.3d 495], the Ohio Supreme Court established a two-step process in determining claims of ineffective assistance of counsel. The court stated, at 396:

"When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.

"On the issue of counsel's effectiveness, the appellant has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. See *Vaughn* v. *Maxwell* (1965), 2 Ohio St. 2d 299 [31 O.O.2d 567]; *State* v. *Williams*

(1969), 19 Ohio App. 2d 234 [48 O.O.2d 364]."

Decisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics. *O'Malley v. United States* (C.A. 6, 1961), 285 F. 2d 733. Here, prior to trial the co-defendant Jerome McKinstry had given statements to the effect that Hunt murdered the victim by shooting her twice. The second witness, Kenneth R. Hunt, is the defendant's brother who was identified as the person from whom Hunt obtained the murder weapon. The failure to call these two witnesses, from the facts of this case, does not indicate that counsel was ineffective in defense of Hunt.

What Hunt seeks in his post-conviction request is to change the facts. His complaint is directed to his trial counsel's failure to alter the facts which existed. This neither Hunt nor his attorneys could do.

Both assignments of error are without merit and the trial court's judgment, dismissing Hunt's petition for post-conviction relief, is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and MAHONEY, J., concur.