[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This matter is before the court on appeal from the Lucas County Court of Common Pleas wherein appellant, Brian M. Wilson, was convicted of felonious assault.
A jury trial commenced on May 1, 1997. Appellant's wife, Kimberly A. Wilson, testified that she began arguing with her husband over finances on December 10, 1996. The argument continued into the early morning hours of December 11, 1996 when appellant assaulted her. A neighbor testified that on December 11, she saw appellant grab Kimberly Wilson by the hair, hit her, attempt to slam her head into a car and kick her.
Oregon Police Officer Paul Sharlow testified he arrived on the scene and found Kimberly Wilson with blood on her head, face and legs. After appellant's arrest, Sharlow testified that appellant stated he "just flipped out and hit [Kimberly Wilson] with his fist." According to Sharlow, appellant claimed he remembered nothing else. Appellant took the stand in his own defense. He testified he had no memory of assaulting his wife on December 11, 1996.
On May 2, 1997, the jury found appellant guilty of felonious assault, a violation of R.C. 2903.11(A)(1) and a felony of the second degree. He was sentenced to five years in prison. Appellant now appeals setting forth the following assignments of error:
 I. THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO ESTABLISH BEYOND A REASONABLE DOUBT THAT DEFENDANT KNOWINGLY CAUSED SERIOUS PHYSICAL INJURY TO ANOTHER.
 II. DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL THROUGHOUT THE PROCEEDINGS IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
In his first assignment of error, appellant contends that the state did not establish beyond a reasonable doubt that appellant knowingly caused serious, physical injury to Kimberly Wilson. At issue is the question of whether Kimberly Wilson's injuries rose to the level of "serious, physical harm" as that term is defined in the Ohio Revised Code.
The elements of R.C. 2903.11(A)(1), the felonious assault statute, are as follows: "No person shall knowingly:
 Cause serious physical harm to another or to another's unborn." "Serious physical harm to persons" is defined in R.C. 2901.01(A) (5) as:
 "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 "(b) Any physical harm that carries a substantial risk of death;
 "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 "(d) Any physical harm that involves some permanent disfigurement, or that involves some temporary, serious disfigurement;
 "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering, or that involves any degree of prolonged or intractable pain." (Emphasis added).
State exhibits 1, 2 and 3, admitted into evidence, were photos of Kimberly Wilson's bloodied face and arm shortly after she was brought to a hospital emergency room on December 11, 1996. State's exhibit 4, also admitted into evidence, was Kimberly Wilson's emergency room records showing she was treated for contusions to her head, face, extremities and left shoulder as well as a broken nose.
Kimberly Wilson testified that appellant knocked her to the ground on December 11, 1996. He then began hitting and kicking her. She testified he kicked her so hard that she lost control of her bowels. He also attempted to break appellant's neck by severely twisting it with his hands. Kimberly Wilson testified she escaped from the apartment onto the front lawn where appellant pulled her by her hair and slammed her head into a car door. Kimberly Wilson testified that her next memory was of appellant kicking her again while a neighbor yelled at him to stop.
Based on the testimony at trial coupled with the photos and emergency room records, we conclude that the jury was presented with substantial evidence upon which they could reasonably conclude that Kimberly Wilson suffered serious physical harm. At the very least, appellant's action in "slamming" Kimberly Wilson's head into a car door constitutes "physical harm" which "carries a substantial risk of death." Appellant's first assignment of error is found not well-taken. In his second assignment of error, appellant contends he was denied effective assistance of counsel.
The standard for evaluating an ineffective assistance of counsel claim was enunciated by the Supreme Court of Ohio in Statev. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, as follows:
 "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle
[1976], 48 Ohio St.2d 391; Strickland v. Washington
[1984], 466 U.S. 668, followed.)
 "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *."Bradley, supra, at 142 quoting Strickland, supra, at 689. Ohio presumes a licensed attorney is competent.
Vaughn v. Maxwell (1965), 2 Ohio St.2d 299. Counsel will not be deemed ineffective merely because a defendant is convicted and not acquitted. State v. Hunt (1984), 20 Ohio App.3d 310, 311.
Appellant first contends his counsel was ineffective in not calling his doctor as a witness. At trial, appellant testified that he suffered a memory loss on December 11, 1996 because he had ingested a combination of alcohol and prescription drugs. Appellant now contends that his doctor could have offered testimony on the type of memory loss appellant likely sustained as a result of the drug and alcohol combination. Appellant contends that this witness would have bolstered his own testimony regarding his memory loss and would have helped show that appellant did not knowingly assault his wife. Appellant also contends his counsel should have called the attending emergency room doctor as a witness to testify that Kimberly Wilson's injuries were minor. Finally, appellant contends his counsel was ineffective for failing to introduce jail medical records. Appellant claims these records would show that he was not well when he was arrested and that he later tried to commit suicide. Appellant also claims these records would show he did not act "knowingly" on December 11, 1996.
Appellant is essentially complaining about his counsel's trial strategy. "Strategy and tactical decisions exercised by defense `well within the range of professionally reasonable judgment' need not be analyzed by the reviewing court." State v. Walker (1993),90 Ohio App.3d 352, 359 quoting Strickland at 699. Accordingly, appellant's second assignment of error is found not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced nor prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.