[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This matter is before the court on appeal from the Lucas County Court of Common Pleas. Pursuant to 6th Dist.Loc.App.R. 12(C), this case issua sponte assigned to the accelerated calendar. A brief procedural history underlying this appeal follows.
Appellant, Jesse Adams, was convicted of aggravated trafficking in 1993 and sentenced five to fifteen years in prison. Appellant was appointed counsel for purposes of appeal. Appellant wrote to his counsel asking her to file an Anders brief so he could file a supplemental brief on his own behalf. Appellant's counsel agreed, by letter, to file an Anders
brief. On April 7, 1994, appellant filed a supplemental, pro se brief. On June 24, 1994, this court ordered appellant's brief stricken from the record stating "[A]ppellant does not have a constitutional right to hybrid representation wherein he represents himself and is represented by counsel." On August 29, 1994, appellant's counsel filed a brief arguing that appellant's conviction was against the manifest weight of the evidence. On September 26, 1994, she filed a motion to withdraw from appellant's case. On October 17, 1994, the motion to withdraw was granted. This court affirmed appellant's conviction on April 7, 1995.
Appellant subsequently filed two actions for a writ of habeas corpus in the United States District Court for the Southern District of Ohio, Eastern Division. The federal court concluded that appellant received ineffective assistance of counsel when his counsel was permitted to withdraw during the pendency of the appeal despite the fact appellant was not permitted to submit hispro se brief. The court's order granting the writ stated as follows: "[T]he writ of habeas corpus is granted unless, within ninety (90) days, the State of Ohio reinstates the petitioner's direct appeal in accordance with the procedures set forth inAnders v. California." Pursuant to this order, appellant's appeal is now before this court. A summary of the facts leading to appellant's conviction can be found in State v. Adams (April 7, 1995), Lucas App. No. L-93-248, unreported.
In appellant's first two assignments of error, he contends that the evidence presented at his trial did not support his conviction.
Determinations of witness credibility are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230. A judgment of conviction shall not be reversed upon appeal unless it can be said that the trier of fact lost its way or created a miscarriage of justice. Tibbs v. Florida (1982), 457 U.S. 31. The jury in this case chose to believe the testimony of a police detective. Finding no evidence from the record that the jury lost its way or created a miscarriage of justice, appellant's first two assignments of error are found not well-taken.
In his third assignment of error, appellant contends the court erred in giving the jury an instruction without appellant present. During deliberations, the jury asked a question about the timing of a crucial event. Without appellant present, the judge merely told the jury that they must rely on their collective recollection.
"While it is error for the trial court to give instructions to the jury in the absence of the accused, the record must affirmatively reveal defendant's absence. However, certain communications with the jury during the deliberation stage may be harmless, notwithstanding the absence of the accused, where his counsel was present during the giving of the additional instructions and the instructions given were not erroneous."State v. Blackwell (1984), 16 Ohio App.3d 100.
The record shows that appellant's counsel was present when the judge answered the jury's inquiry. In that the judge's answer was not an erroneous statement of the law or a new instruction, the judge's failure to answer the jury's question in the presence of appellant amounted to harmless error. Appellant's third assignment of error is found not well-taken.
Appellant argues he was denied effective assistance of counsel in his fourth assignment of error. The standard for evaluating an ineffective assistance of counsel claim was enunciated by the Supreme Court of Ohio in State v. Bradley
(1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, as follows:
 "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle
[1976], 48 Ohio St.2d 391; Strickland v. Washington
[1984], 466 U.S. 668, followed.)
 "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors. the result of the trial would have been different."
Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Bradley, supra, at 142 quoting Strickland, supra, at 689. Ohio presumes a licensed attorney is competent.
Vaughn v. Maxwell (1965), 2 Ohio St.2d 299. Counsel will not be deemed ineffective merely because a defendant is convicted and not acquitted. State v. Hunt (1984), 20 Ohio App.3d 310, 311.
Appellant contends his counsel was ineffective for failing to file pre-trial motions, for failing to cross-examine a particular witness, for failing to object to the introduction of certain evidence and, for failing to request a particular instruction. Appellant's argument is without merit as he has failed to show that the outcome of his trial would have been different had his counsel acted in the above fashion. Appellant's fourth assignment of error is found not well-taken.
In his fifth assignment of error, appellant contends the court erred in allowing hearsay testimony. The admission or exclusion of evidence is a matter committed to the sound judicial discretion of the trial judge. State v. Hymore (1967), 9 Ohio St.2d 122,128. The record shows that the court sustained appellant's objections to the hearsay testimony of which appellant now complains. Finding no abuse of discretion, appellant's fifth assignment of error is found not well-taken.
In his sixth assignment of error, appellant contends the state never proved that appellant possessed cocaine. Detective Seymour testified he saw appellant throw a flashlight out of a window. Inside the flashlight, Detective Seymour found cocaine. Detective Applin testified that he found a plate with cocaine underneath the bed at appellant's house.
The element of possession may be established as actual physical possession, or constructive possession where the contraband is under the defendant's dominion or control. State v.Hankerson (1982), 70 Ohio St.2d 87, syllabus. Based on the testimony of the officers, we conclude that the state sufficiently proved the element of possession. Appellant's sixth assignment of error is found not well-taken.
In his seventh assignment of error, appellant contends the trial judge attempted to coerce appellant into pleading guilty. The state in this case offered appellant the opportunity to plead to a third degree felony. The court thoroughly explained the differences in sentencing appellant would face depending on whether or not he accepted the state's offer. The trial judge stated on the record that his reason for discussing the plea agreement was to make sure that appellant fully understood his options. We have reviewed the pre-trial transcript of this discussion and conclude that the trial judge in no way attempted to threaten and/or coerce appellant into pleading guilty. Accordingly, appellant's seventh assignment of error is found not well-taken.
In his eighth and final assignment of error, appellant contends the court erred in admitting evidence of a prior drug sale involving appellant on the same day he was arrested for the current charge. As appellant was charged with trafficking in drugs, we conclude that evidence of a prior sale on the same day involving appellant has probative value. Accordingly, the court did not abuse its discretion in admitting the evidence and appellant's eighth assignment of error is found not-well taken.
On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ______________________________ George M. Glasser, J.
JUDGE
 ______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.