OPINION
Defendant-Appellant Steven A. Sherrill appeals his conviction on one count of gross sexual imposition in violation of R.C. § 2907.05(A) (4), the victim being under thirteen years of age, which is a felony of the third degree. In his two assignments of error, he claims the guilty verdict was against the manifest weight of the evidence and that his trial counsel's assistance was ineffective.
On September 25, 1997, Sherrill was indicted on one count of gross sexual imposition. At a trial held on April 20, 1998, victim Gary Williams, who was eight years old on that date, testified that Sherrill was a friend of the family and that before Gary entered kindergarten and during his kindergarten year, he and his two siblings frequently spent the night at Sherrill's house. On those occasions, Gary testified that all three children would sleep with Sherrill in his bed, and that sometime between February of 1996 and March of 1997, Sherrill touched his "privacy," Gary's term for that part of his anatomy that he uses for urinating. Gary also testified that the touching lasted a couple of hours and happened more than once, but stated no more specifics as far as the dates of the other incidents. The touching made Gary feel "funny" and afraid but because he was unsure of what to think or do about it, he didn't mention it to anyone until he blurted it out to his mother in May of 1998.
Ten-year-old Tiffany Williams, Gary's sister, and six-year-old Dylan Williams, Gary's brother, also testified at Sherrill's trial. For the most part, their testimony related to the sleeping arrangements at Sherrill's apartment when the three children would spend the night there. Tiffany testified that although she sometimes fell asleep in Sherrill's bed, she always woke up and moved to the couch in the living room before morning. During most of the visits to Sherrill's apartment she slept on the couch all night. Dylan corroborated Tiffany's account of the sleeping arrangements, and both children testified that they never saw Sherrill touch Gary inappropriately.
Sherrill testified in his own defense and was the only defense witness presented. He stated he had been friends with the Williams children's parents before any of the children were born, and that he had known all three children since their births. He had always been very involved with the family, sometimes living with them for months or weeks at a time. During those times, he slept on a couch in the living room of the parents' home and invariably woke up in the morning to find all three children sleeping on the couch with him. In addition, when he was living apart from the family, he frequently kept the children at his residence for the weekend and sometimes as long as a week. He did this, he said, because the Williams children's parents were young, and it gave them a chance to go out and do the things normal young people like to do. Sherrill testified that when the children were with him, he cared for them as he would if they were his own children including buying them food and clothing, taking them to the park or lake, bathing them, and changing their diapers when they were small. Throughout his ten-year friendship with the children's parents, he considered himself and was treated as part of the family. Sherrill adamantly denied ever touching Gary inappropriately and suggested that Gary's story might be an inaccurate account of an incident where Gary wet the bed and Sherrill cleaned him up and changed the bedding. In his testimony, however, Gary denied ever wetting the bed at Sherrill's apartment.
Sherrill was found guilty of the offense charged, sentenced to three years imprisonment, and determined to be a sexual predator by a termination entry filed on June 5, 1998. Although Sherrill's notice of appeal was not filed until July 31, 1998, well past the thirty day period allowed for bringing an appeal, we granted him leave to file a delayed appeal in our decision and entry filed August 19, 1998.
Sherrill assigns two errors in his appeal. First, he contends his conviction is against the manifest weight of the evidence. Second, he claims his trial counsel's assistance was ineffective. We address each error in order.
Preliminarily, however, we note that aside from the abundance of punctuation and grammatical errors in Sherrill's argument (averaging more than twenty per page!), the brief complies with neither App.R. 16(A) (2), which requires all briefs to contain "a table of cases alphabetically arranged * * * with references tothe pages of the brief where cited" (emphasis added), nor App.R. 19(A), which requires all briefs to be double spaced. Since the brief is indeed brief, however, we will consider the merits of Sherrill's arguments without requiring reformation, as it is within our discretion to do pursuant to Loc.App.R. 2.2.
 I.
The conviction was against the manifest weight of the evidence[.]
In his first assignment of error, Sherrill's essential claim is that no evidence was submitted at trial to corroborate young Gary Williams' testimony. He also argues that evidence is lacking on an essential element of the crime of which he was convicted, that being the element requiring that the sexual contact involved be for the purpose of sexually arousing or gratifying either the perpetrator or the victim. We are unpersuaded.
In considering Sherrill's assignment of error, we first note that in weight of the evidence challenges, an appellate court
 [R]eview[s] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175. While Thompkins
explicitly permits this court to consider credibility when confronted with an argument that the verdict is against the manifest weight of the evidence, such consideration is not unbounded. We explained the limited role of an appellate court in reviewing issues of credibility in weight of the evidence challenges as follows:
 Because the factfinder, be it the jury or * * * the trial judge, has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witnesses. Contrastingly, the decision as to which of several competing inferences, suggested by the evidence in the record, should be preferred, is a matter in which an appellate judge is at least equally qualified, by reason and experience, to venture an opinion. Therefore, although this distinction is not set forth in Thompkins, supra, we conclude that a decision by a factfinder as to which testimony to credit, and to what extent, is a decision that is entitled to greater deference than the decision as to how much logical force to assign an inference suggested by that evidence — in short, how persuasive it is.
State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288, unreported. Mindful of these principles, we turn to the merits of Sherrill's first assignment of error.
R.C. § 2907.05(A) (4) makes it an offense for a person to have sexual contact with another, not the spouse of the offender, when the other person is less than thirteen years of age, whether or not the offender knows the age of the other person. "Sexual contact" is defined as any touching of the erogenous zone of another, including, inter alia, the pubic region, for the purpose of sexually arousing or gratifying either person. R.C. § 2907.01(B).
Sherrill is correct when he argues that no corroborative evidence to support Gary's story was introduced at trial. He accurately states that both Tiffany and Dylan testified that they never saw any inappropriate conduct on Sherrill's part toward Gary. In addition, it is true that no expert witnesses, inculpatory statements by Sherrill, or recorded telephone calls were presented at trial. The lack of corroboration, however, does not establish that Sherrill's conviction was against the manifest weight of the evidence.
Put in simple terms, the jury in this case was presented with two different stories, Gary's and Sherrill's. The verdict reflects the jury's decision to credit Gary's testimony to a greater degree than it did Sherrill's. As we stated in Lawson,supra, this decision was within the peculiar competence of the jury because its members had seen and heard both witnesses, and its determination in that regard is entitled to substantial deference by this court. That Gary's testimony as to the essential elements of the offense was not corroborated by other evidence does not detract from the validity of the jury's decision that he was the more credible witness. Therefore, the jury's verdict of guilty was not for that reason against the manifest weight of the evidence.
Sherrill also argues that no evidence was presented on the element of "sexual contact" as it is defined in R.C. 2907.01(B). Although asserted as a manifest weight argument, in reality Sherrill challenges the sufficiency of the evidence by claiming the State failed to present any evidence on one of the essential elements of the offense. In considering the sufficiency of the evidence, a reviewing court
 [E]xamine[s] the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Concerning the motivation of one accused of gross sexual imposition, we have stated that whether the touching at issue was "undertaken for the purpose of sexual arousal or gratification must be inferred from the type, nature, and circumstances surrounding the contact." State v. Mundy (1994), 99 Ohio App.3d 275,289. In doing so, we consider whether "an ordinary prudent person or a reasonable person sitting as a juror [would] perceive from the defendant's actions, and all of the surrounding facts and circumstances, that the defendant's purpose or specific intention was arousal or gratification of sexual desire." Id.
Here, the evidence produced at trial, if viewed in a light most favorable to the prosecution and believed, could permit a rational trier of fact to infer that Sherrill's touching of Gary's penis was for the purpose of Gary's or Sherrill's own sexual arousal or gratification. Gary testified that Sherrill touched his "privacy" for a lengthy period of time while the two were in Sherrill's bed. Gary denied ever wetting the bed at Sherrill's apartment and was not in diapers at the time of the incident. Under these circumstances, we conclude that the inference drawn by the jury that Sherrill touched Gary for the purpose of his own or Gary's sexual arousal or gratification was reasonable, and that the guilty verdict is consequently supported by sufficient evidence.
Having found Sherrill's arguments under his first assignment of error to be without merit, it is overruled.
 II.
Ineffective assistance of counsel[.]
 In his second assignment of error, Sherrill claims his trial counsel's representation was ineffective because he did not have unfettered and meaningful consultations with his attorney, the attorney's cross-examination of the State's witnesses was significantly shorter in length than the State's direct examination, the attorney permitted Sherrill to testify, the attorney failed to move for a separation of witnesses allegedly causing one of the defense witnesses to be disqualified, and the attorney failed to call a "child expert witness."
"In order to prevail on a claim of ineffective assistance of counsel, * * * [an appellant] must show that counsel's performance fell below an objective standard of reasonableness and, in addition, prejudice arose from counsel's performance." State v.Madrigal (2000), 87 Ohio St.3d 378, 397, citing Strickland v.Washington (1984), 466 U.S. 668, 687, and State v. Bradley (1989),42 Ohio St.3d 136, paragraphs two and three of the syllabus. In order to prevail, Sherrill must satisfy both prongs of the foregoing test.
Under this assignment of error, Sherrill first argues that his trial counsel's representation was ineffective because he was unable to discuss his case with the attorney to his satisfaction before the date of trial. The record reflects, however, that on the morning of his trial Sherrill told the court that he believed his attorney was prepared for trial and that he felt comfortable with what was going on in the case. Tr. at 5. The attorney also assured the trial court that the case presented no complex issues and that he was fully prepared to try the case that day. Tr. at 3-4. Thus, because the record shows only that Sherrill had some reservations before the trial date, and that they had been resolved to his satisfaction prior to the commencement of his trial, we find no deficiency in Sherrill's trial counsel's representation relating to his availability to Sherrill prior to trial.
Next, Sherrill claims his trial counsel's representation was ineffective because his cross examination of the State's witnesses was brief. Specifically, Sherrill argues that "[t]he Trial attorney has [sic] cross examination of two pages[,] TR(42-43)of [sic] examination compared to the 13 pages of questions by the prosecution TR (29-42)[sic][.] While [the] defense acknowledges that it is the quality not the quantity of questions, the defense suggest [sic] that the quality is not present either." Appellant's Brief at 4. The effectiveness of cross examination is not determined by a tallying of the number of questions asked or pages they occupy in a transcript, and Sherrill makes no other argument that his trial counsel's cross examination of the State's witnesses was in any other way deficient, only suggesting as much in the last sentence of his argument on that issue. A mere suggestion of poor quality, however, does not trigger an obligation on the part of this court to scour the record for support of the suggestion, and we will not do so in this case. We find no merit to Sherrill's argument that his trial counsel's cross examination of the prosecution's witnesses fell below an objective standard of reasonable representation simply because it was brief.
In his next argument under his second assignment of error, Sherrill claims his trial attorney's assistance was ineffective because "[c]ounsel being fully aware that the Trial court was borderline on granting the Rule 29 motion Tr.(77) [sic], should never have had his client testify." Appellant's brief at 4. The United States Supreme Court has stated, however, that "[i]t is * * * recognized that the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to * * * testify in his or her own behalf * * *." Jones v. Barnes
(1983), 463 U.S. 745, 751. We find nothing in the record indicating the decision to have Sherrill testify was made by his trial counsel instead of Sherrill himself. Furthermore, Sherrill fails even to suggest in what way he was prejudiced by his own testimony at trial. Therefore, he has satisfied neither part of the two-pronged test for showing ineffective assistance of counsel relating to his testifying in his own behalf.
Sherrill also contends his trial counsel's assistance was ineffective because he was precluded from presenting a witness due to his failure to move for a separation of witnesses at the beginning of trial. Sherrill states that because the unidentified female witness was present in the courtroom during other witnesses' testimony, defense counsel could not call her as a witness. This claimed instance of ineffective assistance of counsel relies on facts de hors the record and is therefore not properly asserted in Sherrill's direct appeal. Moreover, we are aware of no rule, statute, or case that stands for the proposition that a defense attorney is precluded from calling as a witness an individual who has been present in the courtroom during the State's case in chief in the absence of the court's order for a separation of witnesses. In fact, a party's motion for a separation of witnesses is generally made by counsel to assure theopponent's witnesses are not present in the courtroom during other witnesses' testimony, not to keep the party's own witnesses out of the proceedings, although that is nevertheless one of the practical effects of such a motion. Thus, Sherrill's argument fails to convince.
Finally, Sherrill claims that "a lawyer with ordinary training and skill in criminal law would have protected his clients [sic] interests with testimony of a child expert witness." Appellant's brief at 4. A trial attorney's decisions concerning which witnesses to call are ordinarily considered trial tactics and strategy and do not constitute ineffective assistance. Statev. Smith (1996), 115 Ohio App.3d 419, 426; State v. Hunt (1984),20 Ohio App.3d 310, 312. Furthermore, since nothing in the record before us indicates how the "child expert witness" alluded to in Sherrill's argument would have impacted the outcome of Sherrill's trial, he has failed to show the prejudice required to support a claim of ineffective assistance of counsel.
We have found each of Sherrill's asserted arguments in his second assignment of error to be meritless. The assigned error is therefore overruled.
Having found both of Sherrill's assignments of error to be unpersuasive, we affirm the judgment of the trial court.
BROGAN, J. and GLASSER, J., concur.
(Hon. George M. Glasser sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
R. Lynn Nothstine
William T. Daly
HON. JOHN P. PETZOLD