OPINION
Appellant, Jeffrey Allen, appeals the Ashtabula County Court of Common Pleas' judgment entry sentencing him to serve a term of incarceration of twenty-four months on one count of felonious assault.
Appellant participated in the attack of an individual in a bar on June 5, 1998. As part of the attack, appellant smashed the victim's head with a glass beer mug and continued to hit him after it had broken into pieces over the victim's head and face. When the victim fell to the floor, appellant kicked him in the head.
A complaint was filed against appellant in the Ashtabula County Court, Western District on June 8, 1998. After appellant had been served with a summons on June 13, 1998, the following events occurred prior to the beginning of appellant's trial:
 June 17, 1998, Appellant made his initial appearance and entered a plea of not guilty to the complaint. At that time, appellant signed a waiver of the time limit for holding his preliminary hearing. The preliminary hearing was then rescheduled for July 22, 1998.
 July 22, 1998, Appellant filed a motion for appointment of counsel and for a continuance of the preliminary hearing. The county court granted the continuance until August 12, 1998, and subsequently appointed counsel for appellant.
 August 12, 1998, Appellant again moved for a continuance on the basis that his counsel had a scheduling conflict. The county court granted this motion and the preliminary hearing was rescheduled for September 29, 1998.
 September 29, 1998, Appellant's counsel filed a new motion for a continuance on the basis that appellant was incarcerated in the Lake County Jail on a separate charge. This motion was also granted.
 October 7, 1998, The Ashtabula County Grand Jury indicted appellant on one charge of felonious assault, in violation of R.C. 2903.11(A)(1).
 October 13, 1998, Appellant was served with summons on the indictment.
 October 14, 1998, Appellant was arraigned before the court of common pleas and entered a plea of not guilty. The date of his trial was then initially set for March 9, 1999.
 March 5, 1999, The state moved for a continuance of the trial on the basis of a scheduling conflict. On that same date, the trial court granted the continuance until April 20, 1999.
 March 30, 1999, The clerk of courts for the court of common pleas issued a notice indicating that the date of appellant's trial had been moved from April 20, 1999, to May 5, 1999.
 May 5, 1999, Appellant filed a pro se
motion requesting that his appointed counsel be removed.
 May 27, 1999, The trial court issued a judgment denying appellant's pro se motion and rescheduled the trial for June 22, 1999. As part of this judgment, the trial court expressly stated that appellant was incarcerated at that time at a state prison in Mansfield, Ohio.
 On June 22, 1999, appellant's jury trial commenced before the lower court. On that date, appellant also filed a motion to dismiss pursuant to R.C. 2945.71(E) (failure to comply with his speedy trial rights.) Appellant's motion was overruled.
In a verdict filed on June 25, 1999, it was indicated that the jury found appellant guilty of one count of felonious assault, in violation of R.C. 2903.11(A)(1), a second degree felony. In a judgment entry dated July 9, 1999, the trial court sentenced appellant to serve a term of incarceration consisting of twenty-four months. The lower court gave appellant credit for fifty-four days served.
Appellant timely filed this appeal on August 3, 1999. He now raises the following assignments of error:
 "[1.] The trial court erred to the prejudice of appellant when it failed to grant appellant's motion to dismiss for failure to bring [him] to trial within the time limits provided for by Ohio Revised Code Section 2945.71.
 "[2.] [Appellant] was denied the effective assistance of counsel in violation of the Sixth
and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution."
In his first assignment of error, appellant argues that he was brought to trial outside the two hundred seventy-day time limit set forth in R.C. 2945.71. Appellant claims that he did not waive his right to be timely tried. Specifically, appellant contends that seven time periods should not have been tolled: (1) June 13, 1998, to July 22, 1998 (thirty-eight days); (2) two days in jail after the arrest on his warrant (six days); (3) October 14, 1998, to March 5, 1999 (one hundred forty-two days); (4) March 5, 1999, to April 20, 1999 (forty-six days); (5) April 20, 1999, to May 5, 1999 (fifteen days); (6) May 5, 1999, to May 24, 1999 (nineteen days); and (7) May 24, 1999, to June 22, 1999 (twenty-nine days). Assuming that these time periods should not be tolled, appellant states that two hundred ninety-two days would have expired prior to the commencement of his trial.
R.C. 2945.71(C)(2) states that a person charged with a felony shall be brought to trial within two hundred seventy days after his arrest. R.C. 2945.72 tolls the speedy trial time for each of the following reasons:
 "(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state * * * ;
" * * *
 "(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
" * * *
 "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
" * * *
 "(H) The period of any continuance granted on the accused's motion, and the period of any reasonable continuance granted other than upon the accused's own motion;"
In reviewing the record, this court has made its own time calculations and has concluded that the period of June 17, 1998, to July 22, 1998, was tolled due to appellant waiving the time for his preliminary hearing, which was then set for July 22, 1998 (thirty-five days). From July 22 to August 12, 1998, the time was tolled because appellant requested the appointment of counsel (twenty-one days). See R.C.2945.72(E). Additionally, the period of August 12 to September 29, 1998, was tolled since appellant's appointed attorney filed a motion, on August 11, 1998, for a continuance of the preliminary hearing due to a conflict in the attorney's schedule (forty-eight days). R.C. 2945.72(H). From September 29 until October 7, 1998, the time was tolled on the basis that appellant's attorney filed a motion to continue the preliminary hearing since appellant was incarcerated in the Lake County Jail on a separate charge (eight days). R.C.2945.72(H). Appellant was indicted by the Ashtabula County Grand Jury on October 7, 1998.[1] The matter was set for a jury trial on March 9, 1999.
The record further demonstrates that no time was tolled from October 7, 1998, to March 5, 1999 (one hundred forty-nine days). However, time was tolled from March 5, 1999 to April 20, 1999, pursuant to R.C. 2945.72(H), on the basis that the trial court had an older case scheduled to be heard on the same day and was unable to proceed with both cases (forty-six days).
Subsequently, a new continuance was granted by the trial court to have the jury trial begin on May 5, 1999. However, unlike the prior continuance, there is no reason set forth in the record for the extension from April 20, 1999, to that day. Thus, fifteen days were not tolled.
Finally, the period of May 5, 1999, to June 22, 1999, is tolled (forty-seven days) for two reasons. First, on May 5, 1999, appellant filed a letter with the lower court requesting to have his counsel removed, which was treated as a motion for removal of counsel and was overruled in a judgment entry dated May 27, 1999. R.C. 2945.72(E). Second, the trial court's judgment entry stated that appellant was currently incarcerated in Mansfield, Ohio, and was serving a three to fifteen year sentence from Geauga County. Time would have stopped being tolled May 27, 1999, due to the judgment entry being issued, except for the fact that time was also being tolled since appellant was incarcerated.
Reviewing the facts of this case, it is clear that two hundred and five days were tolled. Additionally, the facts reveal that one hundred seventy-two days were not tolled. The latter category also includes six days arising from appellant's two-day incarceration before his arraignment. Accordingly, it is evident that the two hundred seventy day time limit set forth in R.C.2945.71(C)(2) was not exceeded. Therefore, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant states that he was deprived of the effective assistance of counsel because his counsel failed to call him or any witnesses to the stand to testify. Appellant expressly claims in his brief that the failure of his counsel to call him to testify left him with no defense at all.
The standard to be applied in assessing whether trial counsel was ineffective is discussed in State v. Bradley (1989), 42 Ohio St.3d 136,142, quoting Strickland v. Washington (1984), 466 U.S. 668, where the Supreme Court of Ohio held:
 "As for ineffectiveness, `(w)hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.' Strickland, supra, at 687-688 * * * . The court recognized that there are `( * * * ) countless ways to provide effective assistance in any given case. ( * * * )' Id. at 689 * * * . Therefore, the court stated that `(j)udicial scrutiny of counsel's performance must be highly deferential. ( * * * ).' Id. In addition, `(b)ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. ( * * * ).' Id. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." (Parallel citations omitted.)
In Bradley, the Supreme Court further stated:
 "To warrant reversal, `(t)he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' * * * . Id. at 142, quoting Strickland 466 U.S. at 694.
This court concluded in State v. Rudge (Dec. 20, 1996), Portage App. No. 95-P-0055, unreported, at 12, 1996 WL 761161, that:
 "`(S)trategic and tactical decisions will not form the basis of a claim of ineffective assistance of counsel, even if there had been a better strategy available to him.' * * * State v. Pue (July 26, 1995), Mahoning App. No. 92 CA 164, unreported, at 2, * * * . `"[E]rrors of judgment regarding tactical matters do not substantiate a claim of ineffective assistance of counsel." * * * .' State v. Lundgren
(Apr. 22, 1994), Lake App. No. 90-L-15-125, unreported, at 40-41."
Finally, the decision of whether to call witnesses is within the province of counsel's trial tactics. Statev. Hunt (1984), 20 Ohio App.3d 310, 312.
In the instant matter, pursuant to Hunt, it is clear that the decision of whether to call witnesses was considered an issue of trial tactics. Generally, under this court's decisions in Rudge
and Lundgren, even if appellant's counsel's judgment regarding whether to call witnesses was in error, such tactical error will not substantiate a claim of ineffective assistance of counsel, unless the record provides a basis in a given case that theStrickland and Bradley standards for ineffective assistance of counsel have been met. Here, this tactical decision becomes more understandable in light of the fact that if appellant took the stand, he would have exposed himself to cross-examination concerning the fact that the beating took place while he was on probation, as well as, his past criminal convictions. Accordingly, appellant's second assignment of error is meritless.
For the foregoing reasons, appellant's assignments of error are without merit and the judgment of the Ashtabula County Court of Common Pleas is affirmed.
 _________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL, J., concur.
[1] Appellant was to be incarcerated until October 4, 1998; however, the record does not indicate the beginning date of his incarceration. We note that appellant's incarceration would be another means by which his speedy trial time would be tolled. Additionally, the continuance requested by appellant's counsel was granted and the preliminary hearing was reset for October 14, 1998, but because appellant was indicted by the grand jury on October 7, 1998, the tolling ceased on that date.