OPINION
{¶ 1} Carol Davidson appeals from the judgment of the Portage County Municipal Court, Ravenna Division, which convicted her of ten counts of cruelty to animals. We affirm.
 {¶ 2} The Portage County Dog Warden, Beverly Kirkhart, executed a search warrant at a barn appellant owned. Upon entering the property, Kirkhart saw an older, apparently blind, dog enclosed in a fenced area. The area contained three mud-filled bowls with only a few kernels of food. Before entering the barn, Kirkhart noticed a strong odor of fecal matter, urine, rotting carcasses, and mud.
 {¶ 3} When Kirkart entered the barn, she discovered a partially decomposed horse, and the remains of two dogs. Also in the barn were six, eight-foot cages filled with feces and mud. Kirkhart removed nine dogs from the barn. The dogs were covered with feces, in some cases, up to their bellies. Kirkhart testified none of the dogs had food or water, nor was any found in the barn. Kirkhart was unable to determine when the dogs had last been fed or watered, but stated it "appeared they had not had food for a long time." Kirkhart testified that upon entering some of the cages, she sank six to eight inches into the mud and fecal matter. Kirkhat removed the ten dogs along with the remains of two dogs and a horse from the property.
 {¶ 4} Appellant was subsequently charged with twelve counts of cruelty to animals. The matter proceeded to a bench trial. The trial court found appellant guilty of ten counts of cruelty to animals. Appellant then moved to dismiss the charges against her, asserting the trial court lacked jurisdiction to sentence her because the complaints charged her with knowingly committing an act of cruelty under "R.C. 959.131(1)" instead of R.C.959.13(A)(1). The trial court heard arguments on appellant's motion and subsequently overruled it.
 {¶ 5} The matter then proceeded to sentencing. The trial court sentenced appellant to serve 180 days in jail, with 170 days suspended, on each count, with the sentences to be served concurrently, and a fine of $1000 with $800 suspended on each count. We stayed appellant's sentence pending this appeal.
 {¶ 6} Appellant appeals the trial court's judgment, raising six assignments of error:
 {¶ 7} "[1.] THE TRIAL COURT ERRED TO DEFENDANT-APPELLANT'S PREJUDICE IN OVERRULING DEFENDANT'S MOTION TO DISMISS.
 {¶ 8} "[2.] THE TRIAL COURT ERRED TO DEFENDANT-APPELLANT'S PREJUDICE BY CONVICTING ON LEGALLY INSUFFICIENT EVIDENCE.
 {¶ 9} "[3.] THE TRIAL COURT ERRED TO DEFENDANT-APPELLANT'S PREJUDICE BY CONVICTING ON EVIDENCE THAT FAILED TO PRECLUDE REASONABLE THEORIES OF INNOCENCE.
 {¶ 10} "[4.] DEFENDANT-APPELLANT'S TRIAL COUNSEL GAVE INEFFECTIVE ASSISTANCE.
 {¶ 11} "[5.] THE TRIAL COURT ERRED TO DEFENDANT-APPELLANT'S PREJUDICE WHEN THE TRIAL COURT [V]OUCHED FOR THE CREDIBILITY OF THE STATE'S WITNESS BEVERLY KIRKHARDT [sic].
 {¶ 12} "[6.] THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE IN FINDING AGAINST APPELLANT FOR ANIMAL CRUELTY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 13} In her first assignment of error, appellant argues the trial court was without jurisdiction to impose sentence upon her because the complaints against her mistakenly charged her with violating R.C. 959.131(1), rather than R.C. 959.13(A)(1). This argument lacks merit.
 {¶ 14} Crim.R. 7(B) provides in relevant part, "Error in the numerical designation or omission of the numerical designation shall not be ground for dismissal of the indictment or information, or for reversal of a conviction, if the error or omission did not prejudicially mislead the defendant." Here, appellant does not argue she was misled by the incorrect numerical designation; she argues the trial court lacked jurisdiction to sentence her because R.C. 959.131(1) does not exist and thus, there is no penalty designated for violating this non-existent section. However, while the complaint contained a typographical error, the record (including the language of the complaints themselves) shows appellant was tried for, and convicted of, violating R.C. 959.13(A)(1). The Revised Code does set forth a penalty for violating that code section. Appellant's first assignment of error is without merit.
 {¶ 15} In her second assignment of error, appellant argues her convictions were based on insufficient evidence. We find no error.
 {¶ 16} "A sufficiency argument tests whether the state has presented evidence on each element of the offense." State v.Driesbaugh, 11th Dist. No. 2002-P-0017, 2003-Ohio-3866, at ¶ 36, citing State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13.
 {¶ 17} "We must determine whether, viewing the probative evidence and inferences drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found proof of each element of the offense beyond a reasonable doubt. This presents a question of law and the court is not permitted to weigh the evidence." (Internal citations omitted.) Driesbaugh, at ¶ 37.
 {¶ 18} R.C. 959.13(A)(1) provides that no person shall "[t]orture an animal, deprive one of necessary sustenance, unnecessarily or cruelly beat, needlessly mutilate or kill, or impound or confine an animal without supplying it during such confinement with a sufficient quantity of good wholesome food and water[.]"
 {¶ 19} Appellant argues the state presented evidence to establish only that the dogs were without food and water on the day they were seized and that such evidence is insufficient to sustain her convictions.
 {¶ 20} Dog Warden Kirkhart testified she did not find food or water for any of the dogs when she entered the barn. She also testified that many of the dogs' bowls were overturned or filled with mud and feces. Kirkhart also testified that she did not see a source of food or water in the barn. Finally, Kirkhart testified to her observations regarding the health and weight of the dogs and stated it appeared the dogs had not been fed in some time. Such evidence, viewed in the light most favorable to the prosecution, is sufficient to sustain appellant's convictions.
 {¶ 21} Appellant next argues under this assignment of error, that there was insufficient evidence to sustain her convictions with respect to counts one through four and six through ten because the state's expert witness testified the dogs represented by these charges were not "malnourished." We disagree.
 {¶ 22} First we note the statute does not require the state prove the dogs were "malnourished" but only that appellant failed to supply them with a "sufficient quantity of good wholesome food and water[.]" As we discussed above, the state met its burden in this respect.
 {¶ 23} Appellant also mischaracterizes the testimony of the state's veterinary expert, Dr. Andrew Maglott. Dr. Maglott testified to the poor health conditions of all ten dogs. He also described one of the dogs as a "bit underweight"; two as "significantly underweight"; one as "emaciated"; one as "fairly underweight"; and one as "a little thin." Dr. Maglott testified that each of the dogs was neglected and that they were housed in an unsafe environment that likely contributed to their overall poor health.
 {¶ 24} While Dr. Maglott testified the remaining four dogs were "fairly healthy", in "reasonably good condition", or "not underweight", such testimony goes more to the weight of the evidence rather than the sufficiency. As we noted, the state was not required to prove the dogs were malnourished.
 {¶ 25} Appellant's second assignment of error is without merit.
 {¶ 26} In her third assignment of error, appellant contends that, because the state's case was based on circumstantial evidence, its theory of the case must preclude all other reasonable theories of innocence. Appellant waived this assignment of error at oral argument; therefore, we do not address it.
 {¶ 27} In her fourth assignment of error, appellant contends she received ineffective assistance of counsel. We disagree.
 {¶ 28} When we review an ineffective assistance claim, the benchmark is, "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v.Washington (1984), 466 U.S. 668, 686. To prevail on this claim appellant must show her counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment." Id. at 687. She must also show prejudice resulting from the deficient performance. Id. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. Appellant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. We presume counsel's conduct was within the wide range of reasonable professional assistance. Id. See, also,State v. Bradley (1989), 42 Ohio St.3d 136, 142.
 {¶ 29} We need not address the two prongs of appellant's ineffective assistance claim in the order set forth inStrickland.
 {¶ 30} "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."Strickland, at 697.
 {¶ 31} Appellant first argues her trial counsel was ineffective because she failed to research and move to suppress the search warrant issued to the dog warden. Appellant bases this argument on alleged defects in the affidavit Kirkhart used to obtain the search warrant; however, that affidavit was not made part of the record in the trial court and thus, we may not consider it.
 {¶ 32} Appellant next argues her trial counsel was ineffective for failing to move for a directed verdict under Crim.R. 29. While appellant's trial counsel failed to make a Crim.R. 29 motion, appellant is unable to demonstrate prejudice resulting from this failure as we addressed appellant's sufficiency arguments in this appeal and found them to be without merit.
 {¶ 33} Appellant also argues her counsel's failure to object to testimony about the condition of the barn, i.e., the large quantity of mud and fecal matter, when such testimony was irrelevant.
 {¶ 34} "An attorney's failures to object and to subpoena witnesses are within the realm of trial tactics and do not, absent a showing of prejudice, deny a defendant effective assistance of counsel." State v. Knepper (May 19, 1989), 11th Dist. No. 3950, 1989 Ohio App. LEXIS 1855, 11, quoting State v.Hunt (1984) 20 Ohio App.3d 310. Appellant fails to argue how such testimony was prejudicial. Further, such evidence was relevant, at least to the extent it tended to demonstrate food and water had not been placed in the bowls, which contained mud and feces.
 {¶ 35} Finally, under this assignment of error, appellant contends her trial counsel was ineffective for allowing appellant to present narrative testimony rather than questioning appellant.
 {¶ 36} At trial, appellant's counsel stated on the record that she had strongly advised appellant not to testify but that appellant insisted upon doing so. Therefore, appellant's counsel, after asking preliminary questions, allowed appellant to present narrative testimony. Again, appellant fails to demonstrate how this caused her prejudice and after reviewing the transcript, we can discern no prejudice to appellant.
 {¶ 37} Appellant's fourth assignment of error is without merit.
 {¶ 38} In her fifth assignment of error, appellant contends the trial judge improperly vouched for the credibility of Beverly Kirkhart, and relied on her prior experience with Kirkhart in determining Kirkhart's credibility. Specifically, appellant's brief references a specific statement made by the trial court in finding appellant guilty. However, appellant takes the quote out of context and omits portions of it. We, therefore, quote the section referenced by appellant in its entirety. The trial court stated:
 {¶ 39} "The thing that gets me most here is that the Dog Warden has no purpose to go out and — and create trouble or find trouble. I have known her to have bent over backwards to help animal owners and the fact that she said these cages were filthy. That the animals were filthy. That they were not taken care of. Taking that with what the vet also said. The vet, you know, his statements were consistent with the Dog Warden's observations. He said that, you know, the B.C.S. scores[,][1] most of them were in the low range. There were a few that were good obviously. But that they had hookworms and heartworms and parasites. And that's consistent with living in filth."
 {¶ 40} Appellant argues this statement demonstrates bias and that the trial judge should have recused herself. We conclude any error was harmless.
 {¶ 41} While it was clearly inappropriate for the trial court to reference her past dealings with the dog warden to support the credibility of the dog warden's testimony, the evidence overwhelmingly established appellant had violated R.C.959.13(A)(1).
 {¶ 42} Appellant's fifth assignment of error is without merit.
 {¶ 43} In her final assignment of error, appellant argues her convictions were against the manifest weight of the evidence. We disagree.
 {¶ 44} We may find a verdict is against the manifest weight of the evidence even though legally sufficient evidence supports it. State v. Group, 98 Ohio St.3d 248, 2002-Ohio-7247, at ¶ 76. When we consider a manifest weight argument, we review the entire record, weigh the evidence and reasonable inferences, and consider the credibility of witnesses. Id. at ¶ 77. We then determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial. Id. We exercise this discretionary power only in those exceptional cases where the evidence weighs heavily against conviction. Id.; see, also, State v. Thompkins (1997),78 Ohio St.3d 380, 387.
 {¶ 45} Appellant argues she presented substantial evidence, in the form of witness testimony, that she fed and watered the dogs every day. She also testified that she had recently captured most of the dogs seized by Kirkhart, and that the dogs had been running wild.
 {¶ 46} We have reviewed the entire record, weighed the evidence, and conclude appellant's convictions are not against the manifest weight of the evidence. The state presented substantial, credible evidence to establish the dogs had not been fed or watered for some time. Also, we note there were serious inconsistencies in the testimony of appellant's witnesses as to how the dogs were provided water. One witness testified appellant carried water to the barn; others testified water was available from a well in the barn. There were also inconsistencies, by as much as several months, as to how long the dogs had been in the barn. Thus, we cannot say appellant's convictions were against the manifest weight of the evidence.
 {¶ 47} Appellant's sixth assignment of error is without merit.
 {¶ 48} For the foregoing reasons, appellant's assignments of error are without merit, and the judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.
Ford, P.J., O'Toole, J., concur.
[1] Dr. Maglott assigned a B.C.S. score to each dog based on his observations of the dog's weight. Dr. Maglott testified this was a subjective score.