DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Norwalk Municipal Court. On January 6, 1999, a complaint was filed charging appellant, Keith L. Orshoski, with assault and trespassing. A trial commenced on January 26, 1999.
John Conglose, a community development agent, testified he was at work in the Huron County Administration building on July 30, 1998 when appellant walked into his office. Appellant did not have an appointment to meet with Conglose, and Conglose testified he did not invite appellant to his office. Conglose recognized appellant as the man who was dating Conglose's soon to be ex-wife. Appellant insisted on discussing Conglose's treatment of his soon to be ex-wife. Conglose immediately asked appellant to leave. When appellant refused, Conglose testified he stood up and again asked appellant to leave. Appellant responded by pushing Conglose and calling him names. When Conglose headed toward his door, appellant blocked the exit. Appellant again pushed Conglose and Conglose pushed back at appellant. The two men then started punching each other. Conglose ultimately sustained a broken thumb and a severe cut to his eyelid.
Helen Deeble, Conglose's secretary, testified she was at work on July 30, 1998 when she heard Conglose call for help. When she went to his office, she found him holding his door shut from the outside. She also noticed that he had blood all over his face. Deeble testified that she then grabbed a fire extinguisher in an effort to break up the fight.
Cosetta Conglose testified that she is in the process of getting a divorce from John Conglose. She identified appellant as someone she had dated in the summer of 1998. Cosetta Conglose testified that appellant told her he had confronted John Conglose at Conglose's office. Cosetta Conglose also testified that appellant told her that John Conglose asked him twice to leave. According to Cosetta Conglose, appellant admitted to twice shoving John Conglose. Appellant also asked Cosetta Conglose to lie to the police by telling them that John Conglose had invited appellant to his office.
Officer David DeWitt testified he was dispatched to the scene of the fight on July 30, 1998. Officer DeWitt testified that appellant claimed to have been invited to John Conglose's office by John Conglose "to try to get some problems ironed out." DeWitt testified that both men admitted to being in a fight.
Appellant testified he went to John Conglose's office on July 30, because Cosetta Conglose had told him that John wanted to talk to him. Cosetta even gave appellant directions to the office. Appellant testified he arrived at Conglose's office and announced he was ready to talk. Appellant testified that Conglose began asking him questions about his relationship with Cosetta. Conglose asked appellant if he loved Cosetta. When appellant answered "yeah," appellant testified that Conglose stood up and ordered appellant out of the office. Appellant testified that he immediately agreed to leave. When he stood up, appellant testified, Conglose grabbed him by the shirt and throat and punched him in the head. Appellant testified that he could hear Helen Deeble ask Conglose to let go of appellant. Appellant testified that he was finally able to get away from Conglose by shutting himself up in Conglose's office until the police arrived.
Appellant was found guilty of both charges. He was sentenced to one hundred eighty days in jail with ninety days suspended for the assault conviction. He was sentence to a concurrent thirty day term with ten days suspended for the trespassing conviction. Appellant now appeals setting forth the following assignments of error:
 "I. DEFENDANT-APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FINDING HIM `GUILTY' OF ASSAULT AND TRESPASS WHEN SAID FINDINGS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 "III. TRIAL COUNSEL FOR APPELLANT FAILED TO PROVIDE APPELLANT WITH EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF APPELLANT'S SIXTH AMENDMENT RIGHT THERETO, BY FAILING TO MOVE FOR ACQUITTAL PURSUANT TO OHIO CRIMINAL RULE 29 AT THE CLOSE OF ALL THE EVIDENCE."
Appellant's second assignment of error alleges that his convictions were against the manifest weight of the evidence.
Weight of the evidence indicates that the greater amount of credible evidence supports one side of an issue more than the other. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting Black's Law Dictionary (6 Ed. 1990) 1594. The Ohio Supreme Court has defined the standard applied to determine whether a criminal conviction is against the manifest weight of the evidence:
 "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Id. at 388, citing Tibbs v. Florida (1982), 457 U.S. 31, 42.
To determine whether this is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. Only if we conclude that the jury clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial. Id.
The elements of assault, a violation of R.C. 2903.13(A), are as follows: "[N]o person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." The elements of trespass, a violation of R.C. 2911.21(A)(4), are as follows:
 "(A) No person, without privilege to do so, shall do any of the following:
"* * *
 "(4) Being on the land or premises of another, negligently fail or refuse to leave upon being notified to do so by the owner or occupant, or the agent or servant of either."
The trial court heard testimony that appellant was not invited to Conglose's office. Once he was there, he refused to leave Conglose's office after he was asked to leave. The trial court heard testimony that appellant shoved Conglose twice. The trial court heard testimony that Conglose's injuries, which required medical attention, were caused by appellant. The trial court also heard testimony that appellant was invited to Conglose's office by Conglose and that Conglose initiated the physical altercation.
The trial court was in the best position to evaluate the credibility of the witnesses in light of their demeanor, voice inflection, and any gestures displayed while testifying. SeeState v. DeHass (1967), 10 Ohio St.2d 230, at 231. A reasonable fact-finder could find that certain testimony lacked credibility and other testimony was more believable. After reviewing the entire record, weighing the evidence and all reasonable inferences which can be drawn therefrom, we find that appellant's convictions are not against the manifest weight of the evidence. Appellant's second assignment of error is found not well-taken.
Appellant's first and third assignments of error allege that appellant was denied effective assistance of counsel.
The standard for evaluating an ineffective assistance of counsel claim was enunciated by the Supreme Court of Ohio in Statev. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, as follows:
 "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle
[1976], 48 Ohio St.2d 391; Strickland v. Washington
[1984], 466 U.S. 668, followed.)
 "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors. the result of the trial would have been different."
Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Bradley, supra, at 142 quoting Strickland, supra, at 689. Ohio presumes a licensed attorney is competent. Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299. Counsel will not be deemed ineffective merely because a defendant is convicted and not acquitted. Statev. Hunt (1984), 20 Ohio App.3d 310, 311.
In his first assignment of error, appellant contends his counsel was ineffective in failing to investigate a sign that was purportedly on the premises of the Huron County Administration building. Appellant contends that it was important for purposes of determining whether or not appellant had notice he was trespassing. This argument is without merit. It is undisputed that appellant went into Conglose's office. Conglose testified that appellant was uninvited and refused to leave when asked. The existence or content of any such sign would have no bearing on Conglose's credibility. Appellant also contends that counsel was ineffective in failing to subpoena photographs of Conglose's injuries and in failing to argue that appellant acted in self-defense. However, appellant has failed to show that there is a reasonable probability that the outcome of appellant's trial would have been different had trial counsel pursued these avenues. Finally, appellant contends his counsel was ineffective in failing to move for acquittal both at the close of the state's case and at the close of all of the evidence.
 "Pursuant to Crim. R 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable a reasonable doubt." State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
In view of the testimony of John and Cosetta Conglose and Helen Deeble, we conclude that counsel was not ineffective in failing to file a motion for an acquittal. Appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced nor prevented from having a fair trial, and the judgment of the Norwalk Municipal Court is affirmed. It is ordered that appellant pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
PETER M. HANDWORK, J., MELVIN L. RESNICK, J., and MARK L. PIETRYKOWSKI, J., concur.