DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from Sandusky County Court, District 1, Clyde, Ohio wherein appellant, Eugene Eck, was convicted of domestic violence, a violation of R.C. 2929.25, a misdemeanor in the first degree.
A trial commenced on September 17, 1998. Laurie King testified that she lived with appellant from November 1997 to April 1998. On April 11, 1998, around 10:00 p.m., appellant asked King to take him to work. Appellant was to start a new job that night at the turnpike plaza. King agreed to drive appellant and they got into her car. King testified that when they arrived at the turnpike, appellant announced "I'm not going in there." Appellant stated he would not go to work because he did not believe that King would pick him up when he was finished. King testified she assured appellant she would return for him. Appellant then asked King to take him home.
As King was turning the car around, appellant reached over and grabbed the keys out of the ignition. King testified that appellant then began hitting her with his fists. Trying to get away, King hit back at appellant, knocking his glasses off of his face. Appellant then had King trade seats with him and he drove her to the hospital.
Emily Daniels testified that on April 11, 1998, she was employed at a restaurant on the Ohio turnpike. When she arrived at work she saw a woman sitting in a car. The woman's face was covered in blood and she was screaming for help. Daniels testified that a man was trying to forcibly remove her from the car. Daniels immediately went inside the restaurant and called the police. By the time she was finished making the call, the couple was gone.
Ohio State Highway Patrol Trooper Darren Thomas testified that on April 11, 1998, he was dispatched to Bellevue Hospital to interview a possible domestic violence victim. There Trooper Thomas was introduced to Laurie King who told him that appellant had beaten her face and upper body in a turnpike parking lot. Trooper Thomas testified that King's shirt was bloody, her eyes were swollen and her nose was enlarged.
On September 17, 1998, a jury found appellant guilty of domestic violence. He was sentenced to ninety days in jail and fined $300. Appellant now appeals setting forth the following assignments of error:
 "I. THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL, IN VIOLATION OF HIS SIXTH AMENDMENT RIGHTS."
 II. THE JURY INSTRUCTIONS GIVEN BY THE COURT WERE PREJUDICIAL TO THE DEFENDANT, THEREBY DENYING HIM DUE PROCESS OF LAW.
 III. THE PROSECUTOR'S MISCONDUCT DURING CLOSING ARGUMENT, DENIED THE DEFENDANT-APPELLANT DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION."
In his first assignment of error, appellant contends he was denied effective assistance of counsel. The standard for evaluating an ineffective assistance of counsel claim was enunciated by the Supreme Court of Ohio in State v. Bradley
(1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, as follows:
 "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lyle
[1976], 48 Ohio St.2d 391; Strickland v. Washington
[1984], 466 U.S. 668, followed.)
 "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors. The result of the trial would have been different."
Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Bradley, supra, at 142 quoting Strickland, supra, at 689. Ohio presumes a licensed attorney is competent.Vaughn v. Maxwell (1965), 2 Ohio St.2d 299. Counsel will not be deemed ineffective merely because a defendant is convicted and not acquitted. State v. Hunt (1984), 20 Ohio App.3d 310, 311.
Appellant first contends that counsel was ineffective in failing to object to Trooper Thomas' hearsay testimony. Specifically, Trooper Thomas testified that when he arrived at the hospital, several nurses told him that King had been beaten by her boyfriend.
Evid.R. 801(C) defines hearsay as an out-of-court statement offered in evidence to prove the truth of the matter asserted. Admission of Trooper Thomas' hearsay statements in this instance was harmless error given the fact that King had already testified on direct examination that appellant had beaten her. Moreover, King was subject to cross-examination. Thus, the jury was able to determine the credibility of King. Because the outcome of the trial would not have been different had defense counsel objected to the hearsay statements made by Trooper Thomas, we find appellant's first claim of ineffective assistance of counsel to be without merit.
 Appellant next contends that counsel was ineffective in not objecting to Ohio State Highway Patrol Trooper Chris Zurcher's testimony regarding appellant's post-arrest silence.
Appellant also contends that his trial counsel should have requested a jury instruction regarding the trooper's testimony. Trooper Zurcher was the arresting officer. The testimony at issue is as follows:
The state: Okay. And what happened when he arrived?
 Trooper Zurcher: He introduced himself, or told me who he was. Obviously, I had never met him before. I told him that we had charges for him for Domestic Violence. Read him is(sic) Miranda Rights, myself and Trooper Zender, who was there at three o'clock. He was read his Miranda Rights and asked to sign a Miranda Warning Sheet, which he refused to do. He stated he didn't want to make a statement. He did indicate to me that — We were getting a camera. He did indicate to me to make sure I got a photo of his nose because there was — I guess a mark from his glasses on his nose."
Where the accused asserts his constitutional right to remain silent, his silence may not be used against him. Doyle v.Ohio (1976), 426 U.S. 610. In Doyle, the United States Supreme Court stated that "* * * it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial." Doyle, supra, at syllabus. Doyle violations are reviewed under the harmless error standard, United States v. Newman (C.A.9, 1991), 943 F.2d 1155, 1158. In determining whether appellant has been prejudiced, this court must consider the extent of the comments, whether an inference of guilt from silence was stressed to the jury, and the extent of other evidence suggesting appellant's guilt. Id.
Our review of the above testimony shows that the trooper's comment was an isolated reference to appellant's silence that was not solicited by prosecutor. The trooper was merely recounting events in chronological order. Moreover, given Laurie King's testimony as well as the testimony of the investigating officers, there was substantial other evidence of appellant's guilt. Finding the admission of Trooper Zurcher's testimony to be harmless error, we conclude that counsel was not ineffective in failing to object to the testimony and in failing to request a jury instruction.
Additionally, appellant contends his counsel was ineffective in failing to file a motion in limine or to object when a witness mentioned that appellant was on probation. Appellant contends his counsel was ineffective in not objecting when the prosecutor expressed her personal belief regarding King's credibility. Appellant further contends his counsel was ineffective in failing to object to evidence of appellant's prior theft conviction.
We have thoroughly reviewed the record in this case and can find nothing to demonstrate that the outcome of the underlying trial would have, in any way, been different had the disputed objections been made. The jury in this case was presented with overwhelming evidence of appellant's guilt rendering any error on trial counsel's part harmless. Appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant contends that the jury should have been given curative instructions regarding appellant's post arrest silence, his probationary status and his prior conviction. Having already determined that appellant was not prejudiced by the testimony of Trooper Zurcher or the introduction of his prior conviction, we conclude that the jury was not entitled to curative instructions. Appellant's second assignment of error is found not well-taken.
Appellant next contends that the prosecutor committed misconduct when she stated in her closing argument that she believed Knight was a credible witness.
The test for prosecutorial misconduct during closing argument is whether the prosecutor's conduct at trial was improper and prejudicially affected the substantial rights of the defendant. State v. Lott (1990), 51 Ohio St.3d 160. It is improper for an attorney to express his personal belief or opinion as the credibility of a witness or as to the guilt of the accused.State v. Smith (1984), 14 Ohio St.3d 13, 14. It is the duty of the reviewing court to consider the complaint of conduct in the context of the entire trial. Darden v. Wainwright (1986),477 U.S. 168, 91 L.Ed.2d 144, 106 S.Ct. 2464.
As discussed above, appellant did not object to the prosecutor's statement. We therefore must find plain error to reverse. Plain error does not exist unless but for the error, the outcome of the trial would clearly have been otherwise. State v.Nicholas (1993), 66 Ohio St.3d 431.
In light of the overwhelming evidence of appellant's guilt, we do not find that but for the prosecutor's comment, the outcome of appellant's trial would have been different. Appellant's third assignment of error is found not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Sandusky County Court, District 1, Clyde Ohio, is affirmed. It is ordered that appellant pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, J.
JUDGE
 Melvin L. Resnick, J., Mark L. Pietrykowski, J.
CONCUR.