DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas. Because we find that appellant voluntarily, knowingly and intelligently entered a plea of guilty in this case, his conviction is affirmed.
Joseph McCluskey's guilty plea was entered on May 2, 2000 to one count of possessing heroin, a violation of R.C. 2925.11(A) and a felony of the fourth degree. He was sentenced to a seventeen month prison term. Appellant now appeals setting forth the following assignments of error:
 "I. WHERE DEFENDANT VOICES RELUCTANCE TO CONTINUE WITH GUILTY PLEA AT SENTENCING, DEFENDANT'S PLEA WAS NOT VOLUNTARY, KNOWING OR INTELLIGENTLY WAIVED.
 "II. DEFENDANT ASSERTS HE DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL"
In his first assignment of error, appellant contends he did not voluntarily, knowingly or intelligently enter his guilty plea. Crim.R. 11(C)(2) states:
 "In felony cases the court may refuse to accept a plea of guilty * * * and shall not accept such plea without first addressing the defendant personally and:
 "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 "(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 "(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require that state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
Ohio courts have determined that although literal compliance with Crim.R. 11(C)(2) is preferred, it is not an absolute requirement. Rather, the trial court's actions will be reviewed for "substantial compliance" with Crim.R. 11(C)(2)(a). State v. Nero (1990),56 Ohio St.3d 106, 108. Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. State v. Carter
(1979), 60 Ohio St.2d 34, 38. Furthermore, an appellant who challenges his plea on the basis that it was not knowingly and voluntarily made must show a prejudicial effect. Nero, supra, citing State v. Stewart (1977),51 Ohio St.2d 86, 93; Crim.R. 52(A). The test is whether the plea would have otherwise been made. Stewart, supra.
Appellant and the trial judge engaged in the following colloquy after appellant entered his guilty plea.
 "The Court: Are you — do you feel that you've had ample opportunity to discuss this with your lawyer?
 "Appellant: Yes, Your Honor.
 "The Court: Is there anything that you would want him to investigate or to do anything other than he's already done on your behalf?
 "Appellant: No, Your Honor. I told him what happened and he agreed with me. I was guilty, you know.
"* * *
 "The Court: * * * Do you understand the nature of the charge to which you're tendering this plea of guilty, possession of heroin?
 "Appellant: Yes, Your Honor.
 "The Court: The maximum penalty provided by law is a period of incarceration of 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 or 18 months in jail, a fine of up to $5000. Driver's license suspension of not less than 6 months nor more than 5 years. Do you understand that's the maximum prison term and the fine that can be imposed?
 "Appellant: Yes, Your Honor.
 "The Court: Okay. Now, if you are sentenced to prison, any prison term stated will be served without good time credit. You commit a crime while you're in prison, the parole board can increase your prison time up to 50 percent of the original sentence in 15, 30, 60 or 90 day increments.
 "If you are sentenced to prison, it's possible that you might be released under pots-release (SIC) control. This is like parole. It can last up to 3 years. If you violate any of the conditions of supervision while under post-release control, the parole board could return you to prison for up to 9 months for each violation, up to a maximum of 50 percent, for a total of 50 percent of the original sentence.
 "If the violation is a new felony, you could receive the greater of one year or plus a prison term for the new crime. Do you understand that?
 "Appellant: Yes, Your Honor.
 "The Court: Second possible sentence might be to a period of community control. This is like probation. It can last up to five years. If you violate any of the conditions of supervision, you could be sentenced to the penitentiary for up to 18 months, given a longer period under court control, greater restrictions or as I say a prison term of up to 18 months. So you — now, do you understand all the possible penalties that can be imposed if I accept your plea of guilty?
 "Appellant: Yes, Your Honor.
 "The Court: When you plead guilty, you're saying that you admit that you did what you're charged with doing in the information I just read to you. Do you understand that's the effect of your plea of guilty?
 "Appellant: Yes, sir.
 "The Court: I can sentence you today or I can refer this case for a pre-sentence report. Do you understand that?
 "Appellant: Yes.
 "The Court: Okay. When you enter a plea of guilty, you give up certain important constitutional rights and I want to go over those rights with you.
 "First and most importantly, you're giving up your right to have a trial, either to the court or to a jury, at which time you could contest the charge against you. Do you understand that when you enter a plea of guilty, you're giving up your right to have a trial?
 "Appellant: Yes, sir.
 "The Court: Okay. At a trial you would have certain additional rights. You would have the right to confront and cross examine the witnesses against you and to call witnesses on your own behalf. At a trial you could not be compelled to testify against yourself and the prosecutor would have to prove you guilty beyond a reasonable doubt. When you enter a plea of guilty and give up your right to have a trial. You also give up all those rights that you would have at a trial that I just explained to you. Do you understand that, sir?
 "The Defendant: Yes, Your Honor.
 "The Court: You also for all practical purposes give up your right to an appeal. Do you understand that?
 "Appellant: Yes."
The court then accepted appellant's guilty plea and referred the matter to the probation department for a pre-sentence investigation and report.
Appellant appeared for sentencing two weeks later. When asked by the court if he had any statements to make before he was sentenced, appellant explained that he believed he had been charged with the wrong offense. Specifically, appellant contended that the weight of the heroin he was charged with possessing only amounted to an offense of the fifth degree and that the state had erred in alleging he possessed enough heroin to sustain a charge for a fourth degree felony. The court twice offered to allow appellant to withdraw his guilty plea and proceed to a trial wherein he could challenge the state's evidence. Appellant declined both of the court's offers finally stating "* * * I want to get it over with your honor." The court then proceeded to sentencing.
Appellant's assignment of error is without merit. Based on the colloquy quoted above, we conclude that the trial court substantially complied with the dictates of Crim.R. 11 and correctly determined that appellant's plea was entered voluntarily, with full understanding of the nature of the charges against him and the maximum penalties involved. Despite the trial court's substantial compliance with Crim.R. 11, appellant was given two more chances to change his plea before sentence and he declined to do so. Appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant contends he was denied effective assistance of counsel. The standard for evaluating an ineffective assistance of counsel claim was enunciated by the Supreme Court of Ohio in State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, as follows:
 "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle
[1976], 48 Ohio St.2d 391; Strickland v. Washington
[1984], 466 U.S. 668, followed.)
 "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *."Bradley, supra, at 142 quoting Strickland, supra, at 689. Ohio presumes a licensed attorney is competent. Vaughn v. Maxwell (1965),2 Ohio St.2d 299. Counsel will not be deemed ineffective merely because a defendant is convicted and not acquitted. State v. Hunt (1984),20 Ohio App.3d 310, 311.
Appellant contends that had his attorney taken his case to trial, he would have been found not guilty of the fourth degree drug offense. Nothing in the record before us supports appellant's speculations that the outcome of this case would have been different. Accordingly, appellant's second assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Common Pleas Court is affirmed. Costs assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ___________________________ Melvin L. Resnick, J.
Peter M. Handwork, J. and James R. Sherck, J. CONCUR.