DECISION AND JOURNAL ENTRY.
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Torey Gordon, appeals from his conviction for murder in the Summit County Court of Common Pleas. We affirm.
On November 18, 1999, the Summit County Grand Jury indicted Defendant on two separate counts: (1) murder, in violation of R.C. 2903.02(A); and (2) murder as a proximate result of committing or attempting to commit felonious assault, in violation of R.C. 2903.02(B). A jury found Defendant guilty on both counts. Following the jury's verdict, the trial court sentenced him accordingly. Defendant timely appealed the murder conviction, raising five assignments of error for review.
 ASSIGNMENT OF ERROR I [Defendant] was denied the effective assistance of counsel and his conviction was in violation of his Sixth Amendment right to counsel.
In his first assignment of error, Defendant contends that his counsel's failure to introduce evidence and call an available witness on his behalf denied him effective assistance of counsel, in violation of the Sixth Amendment right to counsel. Defendant's contention lacks merit.
The United States Supreme Court enunciated a two-part test to determine whether counsel's assistance was ineffective as to justify a reversal of sentence or conviction. Strickland v. Washington (1984), 466 U.S. 668,687, 80 L.Ed.2d 674, 693. "First, the defendant must show that counsel's performance was deficient." Id. To show the deficiencies in counsel's performance, a defendant must prove "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, a defendant must establish that counsel's deficient performance resulted in prejudice to the defendant which was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
Upon reviewing counsel's performance, there is a strong presumption that counsel's actions were part of a valid trial strategy. Id. at 689,80 L.Ed.2d at 694. We note that there are numerous avenues in which counsel can provide effective assistance of counsel in any given case, and debatable trial strategies do not constitute ineffective assistance of counsel. State v. Gales (Nov. 22, 2000), Lorain App. No. 00CA007541, unreported, at 17; State v. Clayton (1980), 62 Ohio St.2d 45, 49. Accordingly, "[d]ecisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics" and absent a showing of prejudice, the failure to call witnesses will not be deemed erroneous.State v. Coulter (1992), 75 Ohio App.3d 219, 230; State v. Hunt (1984),20 Ohio App.3d 310, 312.
Defendant argues that his counsel was ineffective for two reasons. First, Defendant asserts that the State presented four witnesses whose credibility was questionable; therefore, his counsel should have countered their testimony. However, the record indicates that defense counsel thoroughly cross-examined the State's witnesses. Furthermore, defense counsel questioned these witnesses concerning their credibility. Second, Defendant maintains that his counsel was ineffective because he failed to call an available witness. Defendant has merely provided this court with a brief statement that an available witness existed and was not called by the defense. This statement fails to illustrate to this court how Defendant was prejudiced from defense counsel's failure to call the witness. Consequently, we find that counsel's performance did not constitute ineffective assistance of counsel. Accordingly, Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II The trial court impermissibly admitted hearsay evidence over the objection of the Defendant, which contributed, to the finding of guilt against [Defendant.]
In his second assignment of error, Defendant avers that the trial court erred in admitting a hearsay statement despite Defendant's objection. We disagree.
A trial court has broad discretion to admit evidence and an appellate court will not disturb a trial court's decision unless the trial court has abused its discretion and the defendant has been materially prejudiced. State v. Long (1978), 53 Ohio St.2d 91, 98. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
Generally, out-of-court statements offered to prove the truth of the matter asserted are inadmissible hearsay. Evid.R. 801(C) and 802. Nevertheless, Evid.R. 803 states in relevant part:
The following are not excluded by the hearsay rule * * *:
 Present sense impression. A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate a lack of trustworthiness.
The trial court retains the discretion to exclude statements if the circumstances indicate a lack of trustworthiness. State v. Lester (Dec. 14, 1994), Summit App. No. 16691, unreported, at 3. In determining whether the circumstances surrounding the statement indicate a lack of trustworthiness, the trial court should assess whether the declarant made the statement to an individual who would be in a position to verify the statement. Id. at 3-4, citing Evid.R. 803(1) Staff Notes. Nevertheless, the statement may be introduced despite the lack of corroboration. Statev. Wages (1993), 87 Ohio App.3d 780, 788. If the trial court's decision to admit hearsay evidence is reasonable, an appellate court will not disrupt the decision. State v. Snowden (1982), 7 Ohio App.3d 358, 361.
In the instant case, the State called Schaun Hopkins to testify as to the events that transpired on November 11, 1999. During the course of Hopkins' direct examination, the trial court permitted him to testify as to an out-of-court statement.
Q: So what happens then?
 A: Mike Turner come in saying Terrell[1] out there —
[Defense attorney]: Objection
The Court: Overruled
Q: Please continue. Mike Turner comes in and says what?
A: That Terrell out there still kicking that man.
Q: So did you go to the porch?
A: I went to the porch.
Q: What did you see?
A: I seen Terrell kicking the man two more times.
The statement at issue was made immediately following the declarant's perception of the event, as illustrated by Hopkins' statement "Mike Turner come in saying[.]" Moreover, the statement "[t]hat Terrell out there still kicking that man" describes the event that the declarant saw that evening. Lastly, the declarant made the statement to Hopkins who was able to verify the statement as seen by Hopkins' testimony that he "went to the porch" and saw "Terrell kicking the man two more times." As such, the declarant's statement does not lack trustworthiness. Therefore, upon finding that the out-of-court statement satisfies the requirements of Evid.R. 803(1), we hold that the trial court did not abuse its discretion in admitting Michael Turner's statement through Hopkins' testimony. Defendant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III The trial court erred in excluding relevant evidence proffered by the Defendant in this case involving a tendency of violence by Michael Turner.
In his third assignment of error, Defendant argues that the trial court erred in excluding specific instances of conduct relating to Michael Turner's propensity for violence. Defendant's argument fails.
In every case, specific instances of conduct must be relevant to be admissible. Evid.R. 402 and Evid.R. 405(A). "`Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. A trial court has broad discretion to admit or exclude evidence and an appellate court will not disturb a trial court's decision unless the trial court has abused its discretion and the defendant has been materially prejudiced. Long, 53 Ohio St.2d at 98.
In the present case, Defendant sought to introduce evidence concerning Michael Turner's propensity for violence through specific instances of conduct. However, when defense counsel attempted to elicit those specific instances through cross-examination, the trial court sustained an objection to this line of questioning. The issue in this case is whether Defendant murdered Robert Hall; therefore, the trial court is restricted to admit evidence that makes this determination more or less probable. See Evid.R. 401. The fact that Turner has a propensity for violence is irrelevant and does not assist the trier of fact in its determination as to Defendant's guilt. Thus, the trial court did not abuse its discretion in excluding these specific instances of conduct. As a result, Defendant's third assignment of error is overruled.
 Assignment of Error IV The trial court erred in permitting unconstitutional challenges to jurors on the basis of race in violation of Batson v. Kentucky * * *.
In his fourth assignment of error, Defendant alleges that the trial court erred in dismissing two African-American potential jurors on the basis of race in violation of Batson v. Kentucky. We disagree.
Batson outlines the test to determine whether a potential juror's dismissal by means of a peremptory strike is racially motivated. Batsonv. Kentucky (1986), 476 U.S. 79, 90 L.Ed.2d 69. We note that Batson is inapplicable to the instant case due to the fact that the two potential jurors were not excused via peremptory challenges, but rather for cause. As such, we will review whether the trial court improperly removed these two potential jurors for cause.
A trial court maintains the discretion to remove potential jurors for cause. See State v. Henderson (1988), 39 Ohio St.3d 24, 27. Therefore, "[a] trial court's ruling on a challenge for cause will not be disturbed on appeal unless it is manifestly arbitrary and unsupported by substantial testimony so as to constitute an abuse of discretion." Statev. Schiebel (1990), 55 Ohio St.3d 71, 78. Crim.R. 24(B) states in relevant part:
 A person called as a juror may be challenged for the following causes:
 That he is otherwise unsuitable for any other cause to serve as a juror.
The record indicates that the trial court excused two potential jurors for cause. Specifically, the trial court excused potential juror one ("Juror One") because he could not read or write and potential juror two ("Juror Two") for a medical condition. We will review the trial court's dismissal of each potential juror separately.
Upon our review, we take note that the trial court met privately with Juror One, wherein he indicated that he did not believe he could properly serve as a juror because he could not read or write. Although Juror One stated that he could evaluate the case, he maintained he would be unable to participate if reading or writing was involved. Thereafter, the trial court asked counsel if any documents, reports, or records would be admitted, which the jurors would be required to read. Counsel answered affirmatively. The trial court took Juror One's concerns under advisement and later excused this juror.
Juror Two was excused for a medical condition, namely, she had sties on her eyes. The trial court was first made aware of her condition when she appeared in the courtroom wearing sunglasses. Juror Two told the trial judge that she was required to put drops in her eyes in the morning and afternoon, which the court noted coincided with the trial. Additionally, Juror Two said that her eyes remain blurry for an hour after she takes the eye drops and further stated that she was unable to see the details of the judge's face from a distance of two feet.
In this case, the trial court observed the demeanor of the prospective jurors and evaluated the sincerity of the responses to the questions; therefore, we must consider that significant fact in our evaluation. SeeBerk v. Matthews (1990), 53 Ohio St.3d 161, 169. After a complete review of the record, we find that the trial court did not abuse its discretion in excusing Juror One and Juror Two from the venire. Thus, Defendant's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR V The trial court erred in convicting [Defendant] because that conviction was against the manifest weight of the evidence.
In his fifth assignment of error, Defendant challenges the adequacy of the evidence presented at trial. Specifically, Defendant avers that the evidence presented by the State does not support his conviction, and thus, is against the manifest weight of the evidence. Defendant's assignment of error lacks merit.
"[A] manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3, citing State v. Thompkins (1997),78 Ohio St.3d 380, 390 (Cook, J. concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
Defendant was found guilty of murder, in violation of R.C. 2903.02(A), and murder as a proximate result of committing or attempting to commit felonious assault, in violation of R.C. 2903.02(B). R.C. 2903.02(A) defines murder as "purposely caus[ing] the death of another[.]" "A person acts purposely when it is his specific intention to cause a certain result[.]" R.C. 2901.22(A). R.C. 2903.02(B) states in pertinent part:
 No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony[.]
Felonious assault is knowingly causing serious physical harm to another. R.C. 2903.11(A)(1).
At trial, Officer Kohut testified that on November 11, 1999, he received a call that a large group of males were fighting at 318 Lake Street. When Officer Kohut arrived at the scene, he stated he saw Robert Hall, the victim, severely beaten and lying in the front yard. In an attempt to discern what happened, Officer Kohut spoke with the individuals present at the scene, but everyone denied knowledge of the assault. Thereafter, Michael Turner testified that he was the only individual who assaulted Hall; however, he conceded that he was aware that Schaun Hopkins and Ed Turner had pled guilty to Hall's murder.
Notwithstanding Michael Turner's testimony, Barbara Turner, Angel Davis, Everetta Bethune, and Schaun Hopkins testified to the following: (1) Defendant "stomped" Hall repeatedly on the head and abdomen; (2) Defendant picked Hall up and slammed his head into the cement; (3) Defendant dragged Hall up the street and continued to "stomp" him; (4) Defendant's assault consisted of multiple "stomping" episodes; and (5) they did not initially tell the police officers what had occurred that evening because of fear. Angel Davis further testified that she heard Defendant say "I am going to go stomp him again." Barbara Turner stated that the whole incident lasted somewhere between one and two hours and Defendant "stomped" Hall approximately 50 times.
Additionally, Dr. Kohler testified as to the injuries Hall sustained in the assault. Dr. Kohler stated that the injuries to Hall's head indicated that a great deal of force had been applied to his head. Furthermore, Dr. Kohler said that the bruising on Hall's face resembled a shoe print and that imprints of footprints were visible on Hall's clothing. Lastly, Dr. Kohler testified that Hall's death was a result of trauma to the head and abdomen.
Defendant did not present any evidence and rested following the State's case. However, Defendant argued that the State's witnesses were not credible due to their failure to initially articulate to the police what had occurred on November 11, 1999. As such, the evidence did not support his involvement in the assault.
In the case sub judice, the jury had the opportunity to view the witnesses' testimony and adjudge their credibility; therefore, we must give deference to the jurors' judgments. See State v. Lawrence (Dec. 1, 1999), Lorain App. No. 98CA007118, unreported, at 13. Upon careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in convicting Defendant of murder and murder as a proximate result of committing or attempting to commit felonious assault. Accordingly, Defendant's fifth assignment of error is overruled.
Defendant's assignments of error are overruled. The conviction of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., WHITMORE, J. CONCUR.
[1] Defendant is also known as Terrell.