OPINION
Defendant-appellant, Dartangnan T. Hill, appeals from the July 25, 2001 judgment entry of the Franklin County Court of Common Pleas, sentencing him to an aggregate term of 24 years incarceration. For the reasons that follow, we affirm the judgment of the trial court.
On April 25, 2001, at about 3:00 or 3:30 p.m., three individuals invaded Belinda DeArmond's home. At the time of the robbery, Belinda was home with two of her four children. One of the robbers was dressed in a postal worker's uniform and carried a gun. The robbers restrained the victims with duct tape, took $900 in cash, and shot and killed the family's pit bull as it was trying to protect the family.
Belinda later freed herself, and called the police. Belinda described the individual wearing the postal worker's uniform as someone she knew in the neighborhood as "Half Dead." The next day, Belinda identified appellant, from a police photo array, as "Half Dead," the robber wearing the mailman's uniform.
On May 1, 2001, appellant was indicted for participating in a criminal gang (count one), kidnapping (counts two, three, and four), aggravated burglary (count five), aggravated robbery (count six), robbery, a felony of the second degree (count seven), and robbery, a felony of the third degree (count eight). Count one carried a firearm specification one, and counts two through eight carried both a firearm specification one and a criminal gang specification two.
On July 17, 2001, a jury trial commenced, in which appellant testified. At the close of the trial, the state voluntarily dismissed counts seven and eight of the indictment. On July 24, 2001, the jury returned guilty verdicts on counts one through six of the indictment. Appellant was sentenced to an aggregate term of 24 years incarceration, and required to pay $900 in restitution to Belinda. It is from this judgment that appellant appeals, raising the following sole assignment of error:
 DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.
In his sole assignment of error, appellant contends that he is entitled to a new hearing because he was deprived of his right to effective assistance of counsel according to the standards set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 3562. In particular, appellant contends that trial counsel's failure to recall Belinda for impeachment purposes denied him effective assistance of counsel.
In order to prevail on his claim of ineffective assistance of counsel under Strickland, appellant must show that "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." State v. Reynolds (1998), 80 Ohio St.3d 670,674. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." (Strickland at 686.)
Thus, to succeed on a claim of ineffective assistance of counsel, appellant must satisfy a two-prong test. First, appellant must show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably. State v. Keith (1997), 79 Ohio St.3d 514,534. If appellant so demonstrates, he must then show that, but for the counsel's errors, there is a reasonable probability that the results of the trial would be different. Id. A claim of ineffective assistance of counsel may be dismissed for failure to satisfy either prong.Strickland, supra.
The burden of showing ineffective assistance of counsel is on the defendant. State v. Smith (1985), 17 Ohio St.3d 98. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998),81 Ohio St.3d 673, 675. Matters on which a witness is cross-examined are within the realm of trial counsel's strategy and tactics. State v. Otte (1996), 74 Ohio St.3d 555, 565; State v. Jones (2000), Franklin App. No. 99AP-704. Tactical or strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance. State v. Carter (1995), 72 Ohio St.3d 545, 558 ("Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel"); State v. Carpenter (1996), 116 Ohio App.3d 615, 626 (court of appeals is to "presume that a broad range of choices, perhaps even disastrous ones, are made on the basis of tactical decisions and do not constitute ineffective assistance").
In this instance, appellant has failed to show that trial counsel's performance was deficient by failing to establish a foundation for Carmen's testimony. Carmen was subpoenaed as a witness for the defense, but failed to appear at trial. Off the record, the court sustained trial counsel's motion to enforce the subpoena. Outside the presence of the jury, the prosecutor explained to the trial court that defense counsel wanted to call Carmen to testify that Belinda told Carmen it was someone other than appellant who robbed Belinda. The prosecutor pointed out that trial counsel failed to lay a proper foundation, under Evid.R. 613, which would allow the impeachment of Belinda with an alleged prior inconsistent statement. The prosecutor argued that Belinda was never confronted with such alleged prior inconsistent statement and, as such, even if Carmen did appear to testify, her testimony, in regards to the alleged statement, would be inadmissible.
Trial counsel conceded that the sole purpose of Carmen's testimony would be that Belinda told Carmen appellant did not commit the robbery. Trial counsel also conceded that Carmen's testimony would not be admissible, and withdrew his request to enforce the subpoena.
We find that trial counsel's decision to not recall Belinda to the stand concerning the alleged prior inconsistent statement made to Carmen was permissible trial strategy. See State v. Hunt (1984),20 Ohio App.3d 310 (decisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics). Trial counsel may well have made a tactical decision not to enforce the subpoena to compel Carmen to testify, and recall Belinda to the stand to lay the proper foundation for the alleged prior inconsistent statement. Trial counsel may have decided against Carmen's testimony for a number of reasons, including for example, Carmen's apparent reluctance to appear in court to testify on behalf of appellant. Trial counsel may have decided that Carmen would have testified contrary to what was discussed prior to trial and, as such, her testimony may have proven to be damaging to appellant's case. As such, we have no cause to second-guess the strategic decision of trial counsel in not recalling Belinda to testify about the alleged statement made to Carmen. The record fails to demonstrate that the trial strategy utilized was deficient or unreasonable. As such, we find that the conduct of appellant's trial counsel fell within the permissible realm of trial strategy.
Appellant has failed to show that his trial counsel's performance fell below an objective standard of reasonableness. Since appellant had failed to meet the first prong of the Strickland test, his ineffective assistance of counsel claim fails. As a result, appellant's sole assignment of error is not well-taken and is overruled.
For the foregoing reasons, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK, P.J., and BROWN, J., concur.