JOURNAL ENTRY and OPINION
{¶ 1} Edward Morrow appeals from the Cuyahoga County Court of Common Pleas' March 19, 2001 judgment entry finding him guilty of two counts of aggravated robbery, one count of aggravated burglary, and having a weapon under a disability. Further, the aggravated robbery and aggravated burglary charges included one-year and three-year firearm specifications. Morrow assigns the following as errors for our review:
 {¶ 2} The trial court erred when it failed to instruct the jury to disregard the testimony of Anthony Moon regarding intimidation.
 {¶ 3} The trial court erred when it failed to instruct the jury to disregard the court's comments during voir dire of defendant's prior conviction which was the basis of defendant's indictment, count 4, having a weapon under disability, when that count was being tried by the court.
 {¶ 4} Defendant was denied effective assistance of (sic: counsel) under the Ohio and United States Constitutions, where counsel: 1) failed to move to strike prejudicial and misleading comments of the witness Anthony Moon regarding intimidation; 2) failed to move to cross-examine, for purposes of impeachment, the testimony of witness Anthony Moon under Evid.R. 608(B); and 3) failed to prepare a jury instruction to disregard statements of defendant's prior conviction.
 {¶ 5} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 6} The record reveals co-defendants Morrow, Otis Price, and Wynyanna Winchester robbed Anthony and Tonya Moon and Clarence Ransom at gunpoint in the Moons' residence. The police responded and arrested David Clark, who was also indicted but not tried in this case, at his residence. The police then located Morrow and Winchester hiding in Clark's basement and Price hiding in Clark's attic. Along with these defendants, the police located several items stolen from the victims.
 {¶ 7} Morrow was indicted on two counts of aggravated robbery with one-year and three-year firearm specifications, one count of aggravated burglary with one-year and three-year firearm specifications, and one count of having a weapon while under disability.
 {¶ 8} During jury voir dire, the trial judge read the full indictment, including having a weapon while under a disability under count four, to the prospective jurors. Following commencement of trial to the jury, Morrow successfully moved to bifurcate the count four so he may have it tried to the bench rather than the jury. Ultimately, Morrow was found guilty of all counts as charged. This appeal followed.
 {¶ 9} In his first assigned error, Morrow argues the trial court erred by failing to instruct the jury to disregard certain statements made by Moon upon cross-examination. We disagree.
 {¶ 10} The day prior to Moon's testimony, Winchester's counsel brought to the trial judge's attention a possible issue of witness intimidation by associates of the victims and of the defendants. In response, the court warned interested parties to avoid illicit contact.
 {¶ 11} The following morning, trial re-convened with Moon as the first witness. The record germane to this assigned error developed as follows:
 {¶ 12} Moon: Basically, I talked to my wife about what happened after the jurors was * * * excused yesterday. That's what I, more or less talked about.
 {¶ 13} Watson: What did you tell her?
 {¶ 14} A: That yesterday the defendants had about fifteen, sixteen people in here, in and out on their side. I had one friend in here for me and because we told the prosecutor about people standing all the way in the driveway, watching us leave, giving mean looks —
 {¶ 15} Mr. Sullivan: Objection.
 {¶ 16} The Court: Sustained.
 {¶ 17} Morrow argues these statements, which refer to the previous day's episode of possible witness intimidation, unduly prejudiced the defendants by coloring them as thugs.
 {¶ 18} Although Morrow objected to Moon's testimony, his failure to request a jury instruction waived all but plain error in this regard.[1] In determining plain error, we examine all properly admitted evidence and determine whether the jury would have convicted Morrow even if the alleged error had not occurred.[2] Notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.[3]
 {¶ 19} Our review of the record gives us no reason to suspect Morrow's conviction would not stand but for the absence of a jury instruction regarding Moon's testimony. The evidence adduced at trial supports Morrow's conviction on all counts as charged. Further, the objectionable testimony merely refers to people watching and giving mean looks, and does not accuse the defendant's or their associates of doing anything illicit. Consequently, we do not find plain error or a manifest miscarriage of justice exists here. Accordingly, Morrow's first assigned error is without merit.
 {¶ 20} In his second assigned error, Morrow argues the trial court erred by failing to instruct the jury to disregard its voir dire comments regarding his prior conviction which formed the basis of the having a weapon under a disability charge when that issue was being tried by the bench rather than the jury. We disagree.
 {¶ 21} Morrow failed to request a jury instruction pertaining to his argument here; thus, we again apply the principles of plain error and examine all properly admitted evidence and determine whether the jury would have convicted Morrow even if the alleged error had not occurred.[4]
 {¶ 22} Even had the court instructed the jury to disregard count four of the indictment and the court's statements thereon, we cannot reasonably conclude the outcome of the trial would have been different. Morrow argues statement of his past conviction prejudicially effected the outcome of the trial by putting his character in issue in violation of Evid.R. 404(B). We are unpersuaded because the trial court read the indictment during voir dire, not during trial. Thus, the trial court did not accept the statement regarding Morrow's past conviction into evidence. Because the statement held no evidentiary value; a jury instruction on the matter would have no effect. Accordingly, we determine no error exists and Morrow's second assigned error is without merit.
 {¶ 23} In his third assigned error, Morrow argues his trial counsel rendered ineffective assistance by failing to move to strike Moon's statement addressed in his first assigned error, failing to move to cross-examine Moon for purpose of impeachment, and failing to request a jury instruction regarding the court's reading of count four of the indictment during voir dire. We disagree.
 {¶ 24} In order to prevail on a claim of ineffective assistance of counsel, the appellant must show trial counsel's performance fell below an objective standard of reasonableness and such performance resulted in undue prejudice.[5] An essential element of an ineffective assistance of counsel claim is a showing that, but for trial counsel's alleged errors, there is a substantial probability that the outcome of the trial would have been different.[6]
 {¶ 25} Counsel's decision to move to strike is a matter of trial strategy.[7] Here, Morrow's counsel proffered an objection to Moon's statement, which the court sustained, thus removing the comments from evidence. Based upon this record, we find no reason to second-guess counsel's choice or to consider his performance fell below an objective standard of reasonableness. Further, in light of the evidence adduced at trial, it is not substantially probable that the outcome of the trial would have been different had counsel moved to strike Moon's objectionable statement.
 {¶ 26} The decision to cross-examine is a matter of trial strategy as well.[8] Morrow argues his counsel rendered ineffective assistance of counsel by not pursuing cross-examining Moon to impeach his testimony that he does not possess a gun. Regardless of whether Moon's counsel could have, within the bounds of evidentiary rules, impeached Moon on this subject, we determine no prejudice attached. The relevant query is not whether Morrow's counsel erred, but whether the court would have convicted Morrow but for the alleged error.[9] The evidence adduced at trial would clearly support convictions on all charges even if a shadow of doubt were cast upon the credibility of Moon's testimony. Thus, the outcome of the trial would not be different even if Morrow's counsel cross-examined Moon regarding a possession of a gun.
 {¶ 27} Our treatment of Morrow's second assigned error vitiates his argument that his trial counsel rendered ineffective assistance by failing to request a jury instruction regarding the court reading of count four of the indictment during voir dire. No jury instruction was necessary because the comments subject to the instruction now sought by Morrow intrinsically held no evidentiary significance. A jury instruction on this subject would have been entirely superfluous.
 {¶ 28} In summary of Morrow's third assigned error, neither individually, nor in the aggregate did these alleged errors unduly prejudice Morrow.[10] A substantial probability does not exist that absent the alleged errors the outcome of the trial would have been different. Accordingly, Morrow's third assigned error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and ANN DYKE, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] State v. Hartman (2001), 93 Ohio St.3d 274, 289, citing Crim.R. 30(A); State v. Underwood (1983), 3 Ohio St.3d 12, syllabus; State v.Williams (1977), 51 Ohio St.2d 112.
[2] See, State v. Slagle (1992), 65 Ohio St.3d 597, 605.
[3] State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
[4] See Slagle.
[5] State v. Madrigal (2000), 87 Ohio St.3d 378, 397, reconsideration denied (2000), 88 Ohio St.3d 1428, citing Strickland v. Washington
(1984), 466 U.S. 668, 687; State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990),497 U.S. 1011.
[6] State v. Lindsey (2000), 87 Ohio St.3d 479, 489, reconsideration denied (2000), 88 Ohio St.3d 1438.
[7] State v. Hunt (1984), 20 Ohio App.3d 310; City of Clevelandv. Rhoades (July 29, 1999), Cuyahoga App. No. 74572.
[8] State v. Hanna (2002), 95 Ohio St.3d 285.
[9] State v. Dowdell (May 3, 2001), Cuyahoga App. No. 77863, citing Slagle.
[10] Cf. State v. Smith (June 7, 2001), Cuyahoga App. No. 78205; Dowell.