DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Huron County Court of Common Pleas wherein appellant, Thomas L. Larkins, was convicted on one count of cocaine possession, a violation of R.C.2925.11(A)(c)(4)(E) and a felony of the first degree.
 {¶ 2} On appeal, appellant asserts the following assignments of error:
 {¶ 3} "I. The lower court erred when it denied the defendant's motion to suppress the items found in room 305 of the Amerihost Inn.
 {¶ 4} "II. The lower court erred by allowing the jury to be selected in a manner contrary to Criminal Rule 24(D).
 {¶ 5} "III. The defendant was denied a fair trial due to the deficient performance of Mr. Harper, trial counsel."
 {¶ 6} In his first assignment of error, appellant contends that the court erred in denying his motion to suppress. Appellant sought to suppress physical evidence seized from his motel room. A suppression hearing commenced on August 6, 2001.
 {¶ 7} Sheriff Robert McLaughlin of the Huron County Sheriff's Office testified that on March 27, 2001, he received a bulletin from authorities in Richland County, Ohio, regarding appellant, Thomas Larkins. The bulletin alerted the Huron County Sheriff's Office that Larkins, on parole for armed robbery, had violated his parole and was last seen fleeing south. The bulletin further cautioned that Larkins was considered armed and dangerous and may be staying at an Amerihost Motel. Larkins was known to associate with a woman named Erica Clements. He had fled Mansfield in a dark green Ford Expedition driven by Josh Mosley.
 {¶ 8} On March 29, 2001, McLaughlin testified he was contacted by Debra Mack, an employee of the Amerihost Motel in Huron County. Mack reported on suspicious activity taking place at the motel. Specifically, a woman by the name of Erica Clements and a male companion were receiving many visitors and frequently changed their motel room. According to Mack, the pair was currently staying in room 305.
 {¶ 9} Detective James R. Fulton of the Norwalk Police Department testified that on March 29, 2001 he went to the Amerihost motel in Norwalk, Ohio, to assist Sheriff McLaughlin in a drug investigation. In the parking lot they saw two vehicles with Richland County license plates. One of the vehicles was registered to Showana Mosley and one was registered to Erica Clements. Detective Fulton testified that he was talking to the motel desk clerk when a woman walked into the lobby. The desk clerk identified the woman as Erica Clements. The clerk also identified Larkins from a photo as the person staying with Clements at the motel. Detective Fulton asked Clements about Larkins but she claimed he was not at the motel. Clements then began to hyperventilate and started to cry. Detective Fulton helped her to a couch. Suddenly, Clements jumped up from the couch, grabbed a phone and dialed a number. She yelled "run" into the phone. Other officers took the phone away from her. Clements ran down a hallway to an elevator before she was apprehended by the officers.
 {¶ 10} Detective Fulton testified that he and the other officers proceeded to the room supposedly occupied by Clements and Larkins. Before entering they called the room but no one answered the phone. The officers used a key to open the room door. They announced themselves as the sheriff's department and received no response. A police dog was sent into the room to look for occupants while the officers stood outside of the room. Finding no one in the room, the dog returned to the officers. Sheriff Robert McDowell of the Huron County Sheriff's Department testified that from where he stood at the open door, he could see a clear plastic bag of vegetative material, later determined to be marijuana, on the bed in plain view.
 {¶ 11} Meanwhile, other officers were outside in the parking lot looking for Larkins in case he tried to escape in a car. While outside, one of the officer's observed someone's feet near a dumpster. The officer called to the person to reveal himself. The person hiding near the dumpster was Larkins and he was taken into custody.
 {¶ 12} When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of a witness. State v. Mills (1992), 62 Ohio St.3d 357, 366. Consequently, in its review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v.Guysinger (1993), 86 Ohio App.3d 592, 594. Accepting the facts as found by the trial court as true, the appellate court must then independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. Statev. Klein (1991), 73 Ohio App.3d 486, 488.
 {¶ 13} The Fourth Amendment to the United States Constitution and Section 14 Article I of the Ohio Constitution secure an individual's right to be free from unreasonable searches and seizures, and require warrants to search one's home to be particular and supported by probable cause. "A hotel room can clearly be the object of Fourth Amendment protection as much as a home or an office." Hoffa v. United States,
(1966), 385 U.S. 293, 301, See, also State v. Miller, (1991),77 Ohio App.3d 305. Probable cause for a warrantless entry exists when the arresting officer has within his knowledge facts and circumstances which amount to reasonable and trustworthy information sufficient to warrant a prudent man in believing that a crime or offense had been or is being committed. Beck v. Ohio (1964), 379 U.S. 89.
 {¶ 14} Warrantless entry by law enforcement personnel into premises in which an individual has a reasonable expectation of privacy is per se unreasonable, unless it falls within a recognized exception to the warrant requirement. Minnesota v. Olson, (1990), 495 U.S. 91. One such exception is the exigent circumstances exception. This exception applies when there is a reasonable basis for the police to believe that entry into a structure is necessary to protect or preserve life, or to avoid serious injury. Mincey v. Arizona, (1978), 437 U.S. 385, 392-393.
 {¶ 15} In the present case, we find that both exigent circumstances and probable cause permitted the warrantless entry and search of Larkin's motel room. The officers had been advised that Larkins was likely armed and dangerous. Larkins had been identified as an occupant of room 305. The officers testified that they believed Clements had hurriedly warned Larkins that the police were in the motel looking for him. In the interest of protecting themselves as well as the employees and guests of the motel from an armed fugitive who had just been made aware of the officer's presence, the officers were justified in making a warrantless entry into Larkins' room under the exigent circumstances exception. Accordingly, the trial court did not err in failing to suppress any evidence gained from the entry to Larkins' motel room and his first assignment of error is found not well-taken.
 {¶ 16} In his second assignment of error, Larkins contends the trial court erred in failing to require the parties to exercise their peremptory challenges pursuant to Crim.R. 24(D) which states: "[P]eremptory challenges may be exercised after the minimum number of jurors allowed by the Rules of Criminal Procedure has been passed for cause and seated on the panel. Peremptory challenges shall be exercised alternately, with the first challenge exercised by the state. The failure of a party to exercise a peremptory challenge constitutes a waiver of that challenge. If all parties, alternately and in sequence, fail to exercise a peremptory challenge, the joint failure constitutes a waiver of all peremptory challenges. A prospective juror peremptorily challenged by either party shall be excused and another juror shall be called who shall take the place of the juror excused and be sworn and examined as other jurors. The other party, if that party has peremptory challenges remaining, shall be entitled to challenge any juror then seated on the panel."
 {¶ 17} Larkins contends that the court erred in allowing the parties to exercise their peremptory challenges at the same time as opposed to exercising the challenges alternately as required in Crim.R. 24(D). Larkins claims he was prejudiced in that he was ultimately forced to accept a juror who was related to a law enforcement officer.
 {¶ 18} Initially we note that Larkins did not object to the procedure below and thus he has waived any such error. State v. Greer
(1988), 39 Ohio St.3d 236. Moreover, the manner in which peremptory challenges are exercised is generally a matter of local custom and is traditionally left to the sound discretion of the trial court. UnitedStates v. Mosely (C.A.6, 1987), 810 F.2d 93, 96. Finding no abuse of discretion, Larkins' second assignment of error is found not well-taken.
 {¶ 19} In his third assignment of error, Larkins contends he was denied effective assistance of counsel. First, Larkins contends his counsel was ineffective in failing to object to certain testimony which Larkins claims colored the evidence against him. Next, Larkins contends his counsel was ineffective in failing to object to the court's failure to follow Crim.R. 24 in the exercise of peremptory challenges. Larkins also contends his counsel was ineffective in not allowing him to testify. Larkins contends that his counsel's suppression arguments were ineffectual in that he conceded that a warrant was eventually obtained. Finally, Larkins contends that his counsel was ineffective in failing to challenge the qualifications of fingerprint expert, Lawrence Reindl, an evidence technician for the Mansfield Police Department.
 {¶ 20} The standard for evaluating an ineffective assistance of counsel claim was enunciated by the Supreme Court of Ohio in State v.Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, as follows:
 {¶ 21} "2.Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391; Strickland v. Washington [1984], 466 U.S. 668, followed.) 3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Bradley, supra, at 142 quotingStrickland, supra, at 689. Ohio presumes a licensed attorney is competent. Vaughn v. Maxwell (1965), 2 Ohio St.2d 299. Counsel will not be deemed ineffective merely because a defendant is convicted and not acquitted. State v. Hunt (1984), 20 Ohio App.3d 310, 311. In attacking the performance of trial counsel, Defendant must overcome the presumption that counsel's actions were part of a valid trial strategy. Stricklandv. Washington, 466 U.S. at 689. Our scrutiny of counsel's performance is highly deferential. State v. Coulter, 75 Ohio App.3d at 230.
 {¶ 22} We have thoroughly reviewed the transcript in this case and find that Larkins has not shown there exists a reasonable probability that the result of the trial would have been different were it not for the alleged errors. While it is true that a warrant was eventually obtained for Larkins' motel room, said warrant was not the focus of counsel's motion to suppress. Rather, counsel challenged the conduct of the officers before they obtained the warrant, that is, their warrantless entry into Larkins' motel room. In both the suppression hearing and the jury trial, Larkins' counsel thoroughly cross-examined the state's witnesses. Even assuming Larkins' counsel's tactics were questionable, we are unpersuaded that these trial tactics constituted ineffective assistance of counsel. See State v. Clayton (1980), 62 Ohio St.2d 45,49. Larkins' third assignment of error is found not well-taken.
 {¶ 23} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Huron County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Richard W. Knepper, J., and Mark L.Pietrykowski, J., CONCUR.