DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas, following a jury trial, in which the court found appellant guilty of four counts of trafficking in marijuana. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appointed counsel has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. In support of his request, counsel for appellant states that, after reviewing the record of proceedings in the trial court, he was unable to find any meritorious, appealable issues. Counsel for appellant does, however, set forth the following potential assignments of error:
 {¶ 3} "I. Whether the trial court erred when it defined what constitutes a "felony offense" during the voir dire process?"
 {¶ 4} "II. Was appellant denied the effective assistance of counsel at trial?"
 {¶ 5} "III. Is the inclusion of the reference to "bad time" in the court's sentencing entry a sufficient basis upon which to reverse the appellant's conviction?"
 {¶ 6} The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth in Anders, supra and State v. Duncan (1978), 57 Ohio App.2d 93. InAnders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 7} In this case, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 8} The facts relevant to this appeal are as follows. In 2001, Joshua Balazs was stopped by a Port Clinton police officer for driving without a license and carrying a concealed weapon. The officer agreed to reduce the charges against Balazs in exchange for Balazs' help in apprehending a local drug trafficker. Specifically, Balazs agreed to participate in controlled purchases of marijuana with appellant, William Matthews. Balazs, wearing an electronic listening device and under the supervision of the Ottawa County Drug Taskforce, purchased marijuana from appellant on June 20, July 2, July 12 and July 26, 2001. On October 18, 2001, appellant was indicted on four counts of trafficking in marijuana. A jury found him guilty on all counts and he was sentenced to an 18 month prison term.
 {¶ 9} In his first potential assignment of error, counsel for appellant contends that the court erred in defining "felony offense" during voir dire. The court explained that any prospective juror who had previously been convicted of a felony offense would be disqualified from serving on the jury. The court defined a "felony offense" as being any crime for which the minimum prison sentence is one year. This definition excluded fifth degree felonies for which the minimum prison term is six months. R.C. 2929.14(A)(5). Counsel for appellant contends that the court's incomplete definition of a felony offense may have allowed an unqualified juror to sit on the panel. Counsel for appellant concedes that he does not know whether any of the jurors in this case had previously been convicted of a fifth degree felony. Absent any evidence that an unqualified juror sat in judgment of appellant, we cannot say he has been prejudiced. Counsel's first assignment of error is without merit.
 {¶ 10} In his second potential assignment of error, counsel for appellant contends that appellant was denied effective assistance of counsel. The standard for evaluating an ineffective assistance of counsel claim was enunciated by the Supreme Court of Ohio in State v. Bradley
(1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, as follows: "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391; Strickland v. Washington [1984], 466 U.S. 668, followed.) "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors the result of the trial would have been different." Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Bradley, supra, at 142 quotingStrickland, supra, at 689. Ohio presumes a licensed attorney is competent. Vaughn v. Maxwell (1965), 2 Ohio St.2d 299. Counsel will not be deemed ineffective merely because a defendant is convicted and not acquitted. State v. Hunt (1984), 20 Ohio App.3d 310, 311.
 {¶ 11} Counsel for appellant first contends that trial counsel was ineffective in failing to present the affirmative defense of entrapment at appellant's trial."The defense of entrapment is established where the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute." Statev. Doran (1983), 5 Ohio St.3d 187, paragraph one of the syllabus. "`Entrapment is not established when government officials merely afford opportunities or facilities for the commission of the offense and it is shown that the accused was predisposed to commit the offense." Id. at 192, quoting Sherman v. United States (1958), 356 U.S. 369, 372,2 L.Ed.2d 848, 78 S.Ct. 819.
 {¶ 12} Joshua Balazs testified at trial that prior to participating in the controlled buys in 2001, he had purchased marijuana from appellant on more than two dozen occasions. Officer Carl Johnson of the Ottawa County Drug Taskforce testified he participated in two of the controlled drug buys wherein he heard appellant negotiating prices for the marijuana and discussing the quantity he was willing to sell. Furthermore, the record in this case contains audio recordings of the four controlled marijuana purchases which supports the testimony of Balazs and Officer Johnson. This evidence indicates that appellant was predisposed to committing the offense of drug trafficking. It follows that trial counsel was not ineffective in failing to present the affirmative defense of entrapment.
 {¶ 13} Counsel for appellant next contends that trial counsel was ineffective in failing to object to the prosecutor's questioning of appellant on cross-examination. Specifically, counsel for appellant contends that the prosecutor improperly impeached appellant's credibility with evidence of appellant's fifth degree felony conviction for attempted gross sexual imposition. Evid.R. 609(A)(3) states that "evidence that any witness, including an accused, has been convicted of a crime is admissible if the crime involved dishonesty or false statement, regardless of the punishment and whether based upon state or federal statute or local ordinance." Given the fact that the prosecutor also impeached appellant's credibility with evidence that he was convicted of attempted breaking and entering and in view of the evidence presented at appellant's trial, we cannot say that the outcome of appellant's trial would have been different had trial counsel objected to the prosecutor's question regarding attempted gross sexual imposition. Counsel's second assignment of error is without merit.
 {¶ 14} In his third potential assignment of error, counsel for appellant contends that the court erred in its judgment entry of sentencing which reads: "The court explained the concepts of bad time and post release control." In State ex rel. Bray v. Russell (2000),89 Ohio St.3d 132, the Ohio Supreme Court concluded that R.C. 2967.11, the statute authorizing "bad time", violates the constitutional doctrine of separation of powers. Thus, even though the trial court erred in using "bad time" language in the sentencing judgment entry, the error is harmless in that this particular sentence extension may no longer be imposed according to law. Moreover, we note that the transcript of appellant's sentencing hearing contains no reference to the concept of "bad time." Counsel's third assignment of error is without merit.
 {¶ 15} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The decision of the Ottawa County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Judith Ann Lanzinger, J., and Arlene Singer,J., concur.